Wheeler, ,7.
Judge Story, in his Conflict of Laws, says tlie case of Harper v. Butler, determined By tlie Supreme Court of tlie United States, is founded on the doctrine that an assignment by an executor of a chose in action, in the State where lie is appointed, and which is good by its laws, will enable the assignee to sue in liis own name in any other State by whose laws the instrument would lie assignable, so as to pass tlie note to tho assignee, and enable him to sue thereon. (Coufl. of Laws, sec. 359.)
We think it free from doubt that if, by the laws of Louisiana, where tlie note ■was assigned, the executors of the payee were authorized to assign it, apd their assignment vested in tlie assignee a right to enforce payment to himself by suit in liis own name, lie acquired thereby such title as will enable him to maintain an action upon it in this State. This does not conflict with the principle that a foreign executor cannot, iu general, sue as executor iu our courts. It xiro-ceeds on the principle that, by the lex loci contractus, the foreign executor is empowered to iiass tlie title to his assignee; and that tlie title having vested in him by law there, he, as tlie owner, may maintain an action to enforce liis rights of projicrty elsewhere, in tlie same manner as if lie were the original payee. This seems clear upon principle if by tlie local law the assignee is invested with tlie right of property and of action, and thus succeeds to all tlie rights of tho payee. That such was the effect of tlie assignment by the laws of Louisiana was sufficiently averred, especially oil general demurrer; and the court, wo think, erred iu sustaining the demurrer. Whether the laws of Louisiana arc as alleged, will, of course, be matter of proof upon the trial.
*36 We avo of opinion that the judgment be reversed and the cause remanded for further proceedings.
Reversed aud remanded.