JOHN ANDREWS v. DAVID S. CARR.

Where A. died in another State, and appointed B. her executor, who qualified as such in said State, and the executor (B.) transferred or assigned a note due the estate of A. to C., who brought suit in his own name on it, against the maker in this State : — Held, that the legal title to the note was invested in the executor (B.), and he had power to assign the same.

The words transfer and assign, mean, in legal proceedings, a transfer by writing ; and where a party in pleading says that he has acquired a title to a note by assignment, he is understood to mean written assignment, unless he qualifies the meaning of the words.

ON appeal from the circuit court of Clark county; Hon. John Watts, judge.

The opinion of the court contains the facts of the case.

No counsel for appellant.

*Glenn* and *Evans* for appellee.

The note sued on, was payable to Mary Duffey, absolutely, and not to "order" or "bearer." The complainant does not allege, that it was indorsed to plaintiff, but that it was transferred and delivered to him. This averment must be held as against the pleader to mean that it was "transferred by delivery." Such a transfer only invests the party with a right to use the name of the payee in a suit for his use or benefit. He cannot sue in his own name at law. In this State the executor of Mrs. Duffey could not sue, because he has not taken out letters in Mississippi, nor has he the power, by a mere transfer by delivery, to invest another here, with a right of suit, which he himself does not possess under the laws of a State in whose courts the remedy is sought to be enforced. The remedy of the holder of the paper, if any he has, is in equity.

Mr. Justice FISHER delivered the opinion of the court.

The court below sustained a demurrer to the declaration, from which judgment the cause is brought into this court by writ of error.

The suit is founded upon a promissory note made by the defendant to one Mary Duffey. She died in the State of Georgia, having first made her last will and testament, and appointed therein Samuel F. Duffey her executor. He proved the will in the court of ordinary of Butts county, Georgia, and qualified as executor. After he qualified, the declaration states, that he "transferred and assigned the note to the plaintiff, and then delivered the same."

It is said that the plaintiff acquired by this transfer no legal title to the note.

1. Because an executor in Georgia could not make a transfer, so as to authorize the plaintiff to sue in this State.

2. That the words transfer and assign mean only a transfer by delivery.

The executor in Georgia held the legal title to the note, and had ample power to assign the same.

The words transfer and assign mean, in legal proceedings, if not otherwise restricted, a transfer by writing. The meaning

of the words of course depend upon the connection in which they are used, and the subject to which they relate.

When a man in pleading says that he has acquired a title by assignment, he is understood to mean a written assignment, unless he qualifies this meaning of the word.

The pleading is therefore sufficient; whether the plaintiff can sustain his averments by proof, is another question, and not now before the court.

Judgment reversed, and demurrer to declaration overruled, and cause remanded.