Owen *v.* Moody.

---

## SAMUEL B. OWEN *vs.* GEORGE V. MOODY.

It is well settled, and the doctrine is recognized in the State of Kentucky, that an executor or administrator of a person to whom or to whose order a note is made payable, may transfer it so as to enable the transferree or indorsee to maintain an action upon it in his own name. *Held,* that by the statute law of Kentucky, all bonds, bills, and promissory notes, whether for money or property, are made assignable, and the assignees are authorized to sue in their own names.

The executor of C. was authorized to assign the note sued on by indorsement,

Owen *v.* Moody.

by which the indorsee was vested with the legal title, and empowered to sue in his own name.   *Held,* that the right of the indorsee to sue upon the note was not confined to the jurisdiction of Kentucky.   26 Miss. 577, cited and confirmed.

A title to personal property duly acquired under the *lex loci rei sitæ*, will be deemed valid, and be recognized as a lawful and perfect title in every other country.

The note in controversy was negotiable, under the laws of Kentucky, where the transfer was made; and negotiable securities are regarded somewhat in the light of chattels personal, rather than as choses in action, the absolute legal title to which vests in the indorsee.   *Held,* that M. having been vested with the absolute legal title to the note, was authorized to sue upon it in his own name in the courts of this State.

In error from the circuit court of Jefferson county; Hon. Stanhope Posey, judge.

The facts of the case may be found in the opinion of the court.

*Hooker,* for appellant.

An executor cannot indorse or assign bills or notes due his testator in the purchase of property for himself, or in payment of one of his own debts.   *Prosser* v. *Leathernan,* 4 How. 237.

The indorsement must be auxiliary to the administration, and conform to its trusts.   *Miller* v. *Helm,* 2 S. & M. 696.

Administration is strictly confined to the State or government by whose courts it is granted.   *Satterwhite* v. *Littlefield,* 13 S. & M. 304.

Distributees of an estate must, in order to remove the property of their decedent, take out letters of administration in this State.   *King* v. *Marshall,* 2 Cushm. 91.

An executor cannot assign a bill or note in the State where the succession lies, and vest a right of action in his indorsee in another.   Story, Confl. Laws, 296.

If the indorsee in this case have a right of action, it is in equity, and not at law.   *Bacon et al.* v. *Cohen,* 12 S. & M. 518.

*George V. Moody,* in *propriâ personâ.*

This cause might with propriety have been submitted as a delay case.   It will be seen it was not brought here with any

hope of reversing the judgment; for the questions in the cause were, many years ago, decided in our favor by the Supreme Court of the United States in a case where the facts were identical, namely, an executor in Kentucky indorsed and delivered a promissory note of his testator, and suit was brought thereon in Mississippi. To the suit demurrer was put in, and Judge Marshall decides all the matters that can properly arise in this case. See *Harper* v. *Butler*, in 2 Pet. R. 239.

In Story's Conflict of Laws, § 355, 359, and § 517, the same doctrine is laid down; and our own court have decided a case upon all fours with this, in case of *Andrews* v. *Carr*, 4 Cushm. 577.

Indeed, the last case is stronger against Owen's defence than the facts of the case in 2 Pet.; for in *Andrews* v. *Carr*, it was not averred in the complaint that the assignment was in writing.

The complaint in this case shows a good cause of action, according to the authorities, and certainly the plaintiff was not bound to negative all possible matters of defence; he was not bound to set forth specially that he did not illegally or fraudulently obtain the note. If such had been the case, the defendant below could only have availed by setting forth the fraud or illegality in a special plea or answer, so that plaintiff could have taken issue. Fraud is never presumed; it must be alleged and proved. There are cases where it is said that the fact that a note on its face is payable to an administrator, is notice to indorsee, and therefore he does not take authority by the indorsement to sue. These cases, in our State and in others, are those where the administrator wrongfully paid his own private debt with a note which was assets, or where he purchased property for himself and paid for it with such a note; and in all the cases it will be found that the facts constituting the wrongful transfer were set up by plea. Of course, such matters could not arise on a demurrer to a declaration. As to the seventh cause of demurrer, it is frivolous, certainly; for many text-books assert, that "where a promissory note is payable on demand, no other demand need be made except by bringing a suit thereon." Story on Prom. Notes, § 29.

All notes, bonds, or other writings for the payment of money or property are, by the act of 1798, assignable in Kentucky, and the assignee sues in his own name.   9 Dana, 415.   And any one of several executors may assign or indorse a promissory note of intestate.   6 J. J. Marsh. 446.

According to our statute of pleadings of 1850, no matter, not specially set forth as cause of demurrer, can be noticed by the court; and as we cannot know what points may be made by opposing counsel, we submit that no good cause of demurrer is shown, and that the judgment should be affirmed; and as the case seems to have been brought here for delay only, we ask for the statutory damages on the affirmance.

Mr. Chief Justice Smith delivered the opinion of the court.

This suit was brought on a promissory note made payable to J. B. Clark, by Samuel B. Owen, the plaintiff in error.   The payee died in 1852 at his residence in the State of Kentucky, having previously made his last will and testament, in which Andrew Shuck was appointed his executor, who proved the will in the proper court of Fulton county in said State, qualified as executor, and took out letters testamentary upon the estate.   Afterwards, as alleged in the complaint, the executor indorsed and delivered the note in suit to the defendant in error.   Owen demurred to the complaint, assigning several causes of demurrer.   The only ground, however, relied on in the argument is, that the plaintiff below was neither vested with the legal title to the note, nor authorized to sue upon it in the State of Mississippi.   The demurrer was overruled, and the defendant declining to plead further, judgment final was entered up against him, from which he sued out this writ of error.

It is well settled generally, and such seems also to be the doctrine in Kentucky, that the executor or administrator of a person to whose order a promissory note is made payable may transfer it, so as to enable the transferee or indorsee to maintain an action upon it in his own name.   *Stone* v. *Rawlinson*, Willes, R. 559; 2 S. & M. 696; *Harper* v. *Butler*, 2 Pet. R. 239; 6 J. J. Marsh. 446; Story, Confl. Laws, p. 296, § 359.

The note under consideration not being payable to order, was not a negotiable instrument under the law merchant. But by the statute law of Kentucky, all bonds, bills, and promissory notes, whether for money or property, are made assignable, and the assignees are authorized to sue in their own names. Statute Laws of Kentucky, vol. 1, p. 150. No prescribed form of words is necessary in the transfer of an assignable note under the statute. *Frankfort Bank* v. *Hunter*, 3 Marsh. 292. It was, therefore, competent for the executor of Clark to assign the note in method adopted, that is, by indorsement; by which assignment the indorsee was vested with the legal title, and empowered to sue in his own name. But it is insisted, that the right of the indorsee to sue upon the note was confined to the jurisdiction of Kentucky; that as the executor himself could not have sued upon the note in this State without taking out letters of administration here, he could not by assigning the note enable the assignee to do so.

The decisions on this question are not harmonious. The courts of Maine and New Hampshire maintain this proposition. *Storrs* v. *Burnham*, 5 Greenl. R. 261; *Thompson* v. *Wilson*, 2 New Hamp. R. 291. Whilst the converse is sustained by reason and the weight of authority. *Robinson* v. *Crandal*, 9 Wend. R. 425; *Cope* v. *Daniel*, 9 Dana, 415; *Harper* v. *Butler*, 2 Pet. 239; *Andrews* v. *Carr*, 26 Miss. R. 577; Story's Confl. Laws, § 359, 517.

It is a principle of universal recognition, that a title to personal property, duly acquired under the *lex loci rei sitæ*, will be deemed valid, and be recognized as a lawful and perfect title in every other country. For example, if a foreign administrator has, in virtue of his administration, reduced the personal property of the deceased into his possession, and has acquired the legal title thereto according to the laws of that country, he may, if the property should be wrongfully taken out of his possession, sue for and recover the same in his own name and right personally, if found in another country, without taking out new letters of administration. Again, if a specific article of personal property is bequeathed in a foreign country, and the legatee there has under an administration acquired full possession

and ownership, he may afterwards sue in his own name for any injury done to, or conversion of the property in another country, where the wrongdoer or the property may be found, without any probate of the will within that jurisdiction.    *Slack* v. *Walcott*, 3 Mason, R. 508; *Ballard* v. *Spencer*, 7 Durnf. & East, 358; *Commonwealth* v. *Griffith*, 2 Pick. R. 11.    This principle is entirely applicable to the case at bar.    For negotiable securities, and the note in question was negotiable under the statute law of Kentucky, where the will was probated and the transfer made, are regarded somewhat in the light of chattels personal, rather than as choses in action, the absolute legal title to which vests in the indorsee.    *McMilage* v. *Holloway*, 7 Durnf. & East, R. 218; Story, Confl. Laws, p. 297, § 359.    The defendant in error being vested with the absolute legal title to the note, was authorized to sue upon it in his name in the courts of this State.

Judgment affirmed.