## MILTON H. KNAPP v. SETH LEE.

*Suit by foreign executor—Set-off—Judgment in bar.*

A foreign executor can sue in his own name on a note belonging to the estate and payable to bearer; and any claim held by the defendant against the estate can be presented as set-off. But if the note were non-negotiable, or payable to order and not indorsed, the executor should sue in his official character.

Judgment recovered in Michigan by a foreign executor suing in his own name on a note belonging to the estate and payable to bearer, would bar any subsequent proceeding against the defend-

ant, and the executor would be accountable officially in the court which had jurisdiction of the estate.

Case made from Muskegon.     Submitted October 17. Decided October 28.

ASSUMPSIT.     Defendant had judgment below.

*James G. Campbell* for plaintiff.     A *bona fide* holder of a promissory note payable to bearer or to order and indorsed in blank, can sue on it in his own name, even if he is not the real owner, or is only an agent for collection, *Hovey v. Sebring*, 24 Mich., 232; *Brigham v. Gurney*, 1 Mich., 350; *Boyd v. Corbitt*, 37 Mich., 52; *Mauran v. Lamb*, 7 Cow., 174; *Lovell v. Evertson*, 11 Johns., 52; *Tompkins v. Elliot*, 5 Wend., 496; the owner of such a note can sue on it in the name of a stranger, *Gage v. Kendall*, 15 Wend., 640; it makes no difference that the holder is a foreign administrator, as no attention is paid to foreign letters of administration, *Patchen v. Wilson*, 4 Hill, 57; *Robinson v. Clandall*, 9 Wend., 425; *Sanford v. McCreedy*, 28 Wis., 103.

*Keating & Allen* for defendant.     One cannot sue as a foreign executor in a Michigan court, *Vickery v. Beir*, 16 Mich., 50; a husband may not recover on a note belonging to his wife, *Blackwood v. Brown*, 32 Mich., 104; want of ownership is admissible as a defense to a suit on a note payable to bearer, *Reynolds v. Kent*, 38 Mich., 246.

MARSTON, J.     Assumpsit was brought upon a promissory note executed by defendant Lee and made payable to Mary A. Washburn or bearer.   Mary A. Washburn, who resided in Ohio, died, and Knapp was duly appointed her executor by the probate court of Erie county under her last will and testament.

The action was commenced in this State by Knapp as plaintiff, but not describing himself in any way as executor.

After plaintiff had introduced the note and given evidence as to the amount due thereon and rested, counsel

for defendant stated that as a defense they would show that the plaintiff was then a citizen of the State of Ohio, and executor under the laws of said State of the estate of said Washburn deceased; that plaintiff was not the owner of said note; that it was a part of the assets of the estate, and that plaintiff held such note as executor, but not otherwise. Evidence to this effect was introduced, and the court found such to be the facts. Counsel for defendant also stated that in defense they would show that defendant had a large claim against the estate which they were prepared to prove as a set-off. The court held that the plaintiff could not maintain the suit thus brought in his individual name, and judgment was rendered accordingly.

We are of opinion that under the showing made and facts found the plaintiff was entitled to recover. The note was payable to bearer, and was rightfully in the custody and possession of the plaintiff. *Hovey v. Sebring*, 24 Mich., 232; *Boyd v. Corbitt*, 37 Mich., 52.

Admitting this note to be a part of the assets of the estate, the plaintiff would be accountable therefor officially in the court having jurisdiction over the estate of the deceased. The action brought in this State would be a bar to any future proceeding brought against the defendant on this note, and so long as it was the property of the estate, any proper claim which the defendant had against the estate could be presented as a set-off in this action, equally as though the action had been brought by the plaintiff as executor. The defendant, therefore, is not and cannot be injured or prejudicially affected in any way because of the manner in which this action was brought. If the note had not been negotiable, or if made payable to the order of the payee, and it had not been endorsed by her, then the action should have been brought by the executor as such.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.