## Campbell v. Brown et al.

1. **Estates of Decedents:** ASSIGNMENT OF NOTES BY FOREIGN EXECUTOR: ACTION BY ASSIGNEE IN THIS STATE. Where notes were bequeathed to plaintiff by a will made and probated in another state, but never probated in this state, and the foreign executor, pursuant to the terms of the will, assigned the notes to the plaintiff, *held* that she could maintain an action thereon in this state. See authorities *pro* and *con* cited in opinion.

*Appeal from Wayne Circuit Court.*

Wednesday, October 8.

ACTION on two promissory notes payable to W. W. Campbell or bearer, and to foreclose a mortgage given to secure the same. Trial to the court, judgment for the plaintiff, and the defendants appeal.

*Mitchell & Pennick,* for appellants.

*Tannehill & Fee,.* for appellee.

SEEVERS, J.—The principal question discussed by counsel is whether the plaintiff can maintain this action. W. W. Campbell, the payee of the notes, at the time of his death in 1882, resided in the State of Illinois. The notes were in his possession in that state, and by his last will he devised the same to the plaintiff. The will was duly admitted to probate in said state, and an executor of the estate appointed in the state of Illinois. The executor assigned the notes to the plaintiff, in pursuance of a bequest made in the will. This action was reported to and approved by the court that appointed the executor. The will never was filed nor admitted to probate in or by any court in this state; nor has any administrator of the estate been appointed in this state. It does not appear whether or not the decedent was indebted to any resident of this state.

It is insisted that a foreign executor cannot maintain an action in the courts of this state. For the purposes of this case, this will be conceded, and, this being done, it is further insisted that, for the same reason, the assignee of such an executor cannot maintain such an action. Counsel cite and rely on *Thompson v. Wilson,* 2 N. H., 291; *Stearns v. Burnham,* 5 Me., 261, and *Dial v. Gary,* 14 S. C., 573.

These cases sustain the proposition above stated. The reasoning upon which they are based largely is that the authority of an executor is limited to the state in which he was

appointed, and that every state should prevent the removal of the property of an estate until it has been determined that there are no creditors, citizens of the state, who are entitled to have such property appropriated to the payment of the indebtedness due them in accordance with the laws of the state in which they reside.

There are authorities which announce a different rule, and it has been held that a foreign executor may assign a promissory note, and that his assignee may maintain an action thereon in the courts of a state other than that in which the executor was appointed. *Harper v. Butler*, 2 Pet., 239; *Wilkins v. Ellett*, 108 U. S., 256; *Rand v. Hubbard*, 4 Metc., (Mass.,) 252; *Petersen v. Chemical Bank*, 32 N. Y., 21; *Owen v. Moody*, 29 Miss., 79; Story's Conflict of Laws, § 359. The reasoning upon which these cases are based mainly is that the title to promissory notes belonging to an estate vests in the executor, and that he can do what the decedent could have done in his lifetime; that is, assign the notes so as to vest title in his assignee, so as to enable him as such owner to maintain an action thereon against the maker in the courts of any state in which the latter resides. This seems to us to be the better view, and we, therefore, adopt it, deeming it unnecessary to state at greater length the reasoning upon which the cited cases are based.

II. In substance it is pleaded and claimed by the defendants that the notes were bequeathed to the plaintiff for the use and benefit of one of the defendants, and that the plaintiff holds the same as trustee. Substantially the claim is that the notes sued on belong in fact to one of the defendants. There is no ambiguity in this respect in the will. By its terms the notes and mortgage are devised to plaintiff, with, however, one exception not material to be considered. The evidence fails, we think, to establish that the testator intended anything different from that expressed in the will.

It is further claimed, as we understand, that the plaintiff entered into a contract, whereby the notes in a certain con-

tingency were to become the property of one of the defendants. The defendants have failed to establish that any such contract was ever entered into.

AFFIRMED.