GOVE *v.* GOVE *& a.*

An executor or administrator, by virtue of his appointment and authority as such, obtains the title to promissory notes and other written evidences of debt held by the deceased at the time of his death, and coming to the possession of the administrator, and may sell, transfer, and indorse the same; and the holder of a negotiable note secured by a mortgage of real estate in this state, deriving his title by indorsement or assignment from an executor or administrator in another state, can maintain an action in his own name upon the note and mortgage in this state.

WRIT OF ENTRY, to foreclose a mortgage of land in Seabrook. Facts found by the court. By the last will of Daniel Ingalls, the note and mortgage in suit were given to the plaintiff. That will was proved and allowed in Essex county, Massachusetts, and Nathaniel Ingalls appointed executor. After his appointment, Feb. 3, 1882, Nathaniel Ingalls, by writing under his hand and seal, assigned and delivered the note and mortgage to the plaintiff. No copy of the will and probate thereof was filed in the probate office of Rockingham county. The court ordered conditional judgment for the amount due on the mortgage, and the defendants excepted.

*Marston & Eastman*, for the plaintiff.

*T. Leavitt*, for the defendants.

CLARK, J. The question is as to the plaintiff's title to the note and mortgage as against the defendants. There are no rights of creditors or outside parties intervening. In *Luce* v. *Railroad*, 63

N. H. 589, we held that in the absence of ancillary administration or statutory prohibition, the domiciliary administrator appointed in another state has authority to sell and assign stock of the decedent in a corporation in this state, and the corporation may voluntarily consent to its transfer by accepting the outstanding certificate and issuing a new one to the purchaser. It is there said that while the power of an. administrator or executor is limited to the state of his appointment, his inability to sue or defend in his representative capacity in a foreign jurisdiction is due not to a want of title to the assets of his decedent, but to his personal incapacity to enforce it. According to the authorities there cited, the domiciliary administrator or executor, in the absence of ancillary administration or statutory prohibition, has authority to take possession of and remove the goods or effects of the decedent in another jurisdiction, or to collect a debt due from a debtor residing therein, if voluntarily given up or paid, and give a good aquittance and discharge therefor. *Luce* v. *Railroad*, 63 N. H. 590. Upon the doctrine of *Luce* v. *Railroad*, a voluntary payment of the mortgage note to the administrator of Lydia Ingalls, or to the executor of Daniel Ingalls, would have constituted a valid discharge of the debt; and a voluntary payment of the debt to the plaintiff would discharge the mortgage. If the executor of Daniel Ingalls could discharge the debt by receiving payment, he could release and discharge the claim of the estate by an assignment or transfer of the note; and having authority to bind the estate, he could give a valid title to the note to the plaintiff. The executor could pass the title by indorsement and delivery in Massachusetts, although he could not enforce payment by suit as executor outside of Massachusetts, and the plaintiff's title to the note and mortgage being complete under the will of Daniel Ingalls and the indorsement and delivery by the executor, and the note being negotiable, the plaintiff's action can be maintained.

"If an executor in one state assign a debt due from a person residing in another state, by whose laws an assignee may sue in his own name, such assignment makes a complete title, and it is not necessary to take letters of administration in the latter state to enable the assignee to sue in his own name." *Harper* v. *Butler*, 2 Pet. 239;—see, also, *Rand* v. *Hubbard*, 4 Met. 252, 258, 259. "The administrator, by virtue of his appointment and authority as such, obtains the title in promissory notes or other written evidences of debt, held by the intestate at the time of his death, and coming to the possession of the administrator, and may sell, transfer, and indorse the same; and the purchasers or indorsees may maintain actions in their own names against the debtors in another state, if the debts are negotiable promissory notes, or if the law of the state in which the action is brought permits the assignee of a chose in action to sue in his own name." *Gray*, J. *Wilkins* v. *Ellett*, 108 U. S. 256, 259.

The plaintiff being the owner of the note and mortgage is under no disability to sue in his own name. *Thompson* v. *Wilson*, 2 N. H. 291, and *Taylor* v. *Barron*, 35 N. H. 485, so far as they are in conflict with this result, are overruled by *Luce* v. *Railroad.*

*Exceptions overruled.*

ALLEN, J., did not sit: the others concurred.