# CHARLESTON.

BANK OF SPENCER *v.* SIMMONS, *et al.*

Submitted January 14, 1897—Decided March 15, 1897.

1. ACTION FOR USE—*Negotiable Note—Endorsement.*
   Where a negotiable note is made payable at a particular bank, and such bank is also made payee, and said note is indorsed in blank by a third party, and a fourth party, on the day of the execution of said note, becomes the owner thereof, by paying the maker the cash therefor, and before maturity said note is indorsed to said bank for collection, and is subsequently duly protested for non-payment, said fourth party may sue in the name of the bank for his use and benefit, and recover judgment against said maker and indorser. (p. 82.)

2. NEGOTIABLE NOTE—*Ownership.*
   The possession of a bill or note which is payable to bearer or indorsed in blank is *prima facie* evidence of ownership, and also that the holder received it upon a valuable consideration, paid therefor in the usual course of trade or business. (p. 83.)

Error to Circuit Court, Roane county.

Action by the Bank of Spencer, to the use of A. D. Ferrell, against G. B. Simmons and W. S. Simmons. Judgment for plaintiff, and defendant William S. Simmons brought error.

*Affirmed.*

SCHILLING & STARKEY for plaintiff in error.

WALTER PENDLETON for defendant in error.

ENGLISH, PRESIDENT:

On the 15th day of February, 1895, one G. B. Simmons executed a note in the following words and figures: "$500.00. Spencer, W. Va., Feb. 15th, 1895. Ninety days after, I promise to pay to the Bank of Spencer five hundred dollars, negotiable and payable at the Bank of Spencer. Value received. (Renewal.) G. B. Simmons,"—on which note are the following indorsements: "W. S. Simmons." "For collection for acccount of myself in Bank of Spencer, A. D. Ferrell." On the 18th day of May, 1895, said note was duly protested on non-payment. On the 8th day of June, 1895, an action of debt was instituted in the circuit court of

Roane county by the Bank of Spencer, a corporation under the laws of West Virginia, which sued for the use and benefit of A. D. Ferrell, on said note, against G. B. Simmons and W. S. Simmons. A demurrer to the plaintiff's declaration was interposed, which was considered by the court, and overruled. The defendant, W. S. Simmons, pleaded *nil debet*, and issue was joined thereon, and the matters of law and fact were, by agreement of parties, submitted to the court; and, the court having heard the evidence and argument of counsel thereon, the said G. B. Simmons allowed judgment to go against him by default, and the court found for the plaintiff the sum of five hundred and eight dollars and ninety cents, and gave judgment for the plaintiff for the use of said A. D. Ferrell for that sum, against the defendants, with interest from the date of said judgment and costs. The defendant, W. S. Simmons, moved the court to set aside said judgment, and grant him a new trial, because the same was contrary to the law and the evidence, and was not warranted by the evidence, which motion was overruled; and the said W. S. Simmons excepted, and asked that the evidence be certified, which was accordingly done, and the said defendant obtained this writ of error.

The first error assigned and relied upon is that the declaration was not sufficient, because it does not allege that the note was not delivered to the plaintiff, or that the same was indorsed to the plaintiff; but upon this point we find that 1 Daniel, Neg. Inst. § 63, states that "it is not necessary to aver the delivery of a bill or note, for the averment that a bill was drawn or a note made includes the idea of a delivery, without which the drawing or making is not complete." The declaration in this case avers that the said G. B. Simmons made his certain note in writing, *etc.*, and that the said W. S. Simmons afterwards, and before the said note became due and payable, according to the tenor and effect thereof, to wit: on the day and year last aforesaid, indorsed the said note, whereby he then and there ordered and appointed the sum of money therein specified to be paid to the said Bank of Spencer, *etc.* This we regard as sufficient, without alleging the delivery of the note to the payee. See Chit. Bills & N. (7th Am. Ed.) p. 360, where the author says: "It is not necessary to

allege as part of the plaintiff's title that the bill, *etc.*, was delivered to him, as the allegation that the bill was payable to the payee or that an indorsement was made includes it," citing *Churchill* v. *Gardner*, 7 Term R. 596; *Smith* v. *McClure*, 5 East 477. So, in the case of *Railroad Co.* v. *Lickiss*, 72 Ill, 522, it was held that, "in declaring upon an indorsed promissory note, an averment that the payee indorsed the note to the plaintiff is sufficient, without averring a delivery. The averment that the payee indorsed the note to the plaintiff imports a delivery." The leading English case on this point is that of *Churchill* v. *Gardner*, *supra.*, where it is held that "it is not necessary in a declaration on a bill of exchange to aver that the maker delivered it; it is sufficient to state that he made it." These authorities we regard as amply sufficient to show that the circuit court committed no error in overruling the demurrer to the plaintiff's declaration, for the reason that it fails to allege that the note sued on was delivered to the plaintiff.

The next assignment of error relied on by the plaintiff in error is that the evidence in this case clearly shows that there was no consideration from the plaintiff to the maker or the indorser of the note in controversy, and therefore the judgment should have been in favor of the plaintiff in error, instead of against him; that, as between the maker or indorser and the payee, the true state of the case may be shown, and the presumption of consideration rebutted; that this suit is between the payee in the note and the indorser, and therefore the rights of a *bona fide* holder for value and before maturity do not arise. Now, section 11 of chapter 99 of our Code provides that, "upon any such note which on its face is payable at a particular bank or a particular office thereof for discount and deposit, or at the place of business of a savings institution or savings bank, and upon any bill of exchange whether such note or bill be payable in or out of this state, if the same be protested, an action of debt or *assumpsit* may be maintained, and judgment given jointly against all liable by virtue thereof, whether drawers, endorsers or acceptors, or against any one of any intermediate number of them for the principal and charges of protest, with interest thereon from the date of such protest." Now, this note was made by G. B. Sim-

mons, and was payable ninety days after date to the Bank of Spencer, for five hundred dollars, negotiable and payable at the Bank of Spencer, for value received, and was indorsed in blank by the plaintiff in error, W. S. Simmons. The evidence shows that A. D. Ferrell became the owner of the note before maturity; that no part of it had been paid, and that A. D. Ferrell had indorsed said note to the Bank of Spencer for collection; that, on the day the note was made, the defendant G. B. Simmons, brought the same to said Ferrell, and got the money of him for it. So it does appear affirmatively that said A. D. Ferrell paid a valuable consideration for said note, and in the case of *Ritchie* v. *Moore*, 5 Munf. 388, it was held by the court of appeals of Virginia that the holder of a bill of exchange, with several indorsements in blanks, has the right to strike out the names of the indorsers subsequent to the first, and to write over the name of the first indorser an assignment to himself, or the bill, without such assignment, will be considered as his property, by his having it in his power to make it. And we find the law thus stated in 2 pars. Bills & N. p, 443; "An agent who holds a bill or note payable to bearer, or indorsed in blank, or to whom it has been indorsed for the purpose of collection, may sue on it in his own name." Now, the note in the case we are considering was made payable to the Bank of Spencer, and was indorsed by the plaintiff in error, with a view, no doubt, of having the note discounted at said bank; but said A. D. Ferrell paid the maker of said note the money thereon before maturity, and thereby became the owner thereof, and, being such owner, indorsed the same to said bank for collection; and, as we have seen, a note held by an agent, to whom it has been indorsed in blank, or to whom it has been endorsed for collection, may sue on it in his own name, and, that being the case, he surely can sue on it for the use and benefit of the true owner. In 2 Rob. Prac. p. 229, we find the law stated thus: "The beneficial owner of a bill of exchange or negotiable note, which is payable to bearer or is indorsed in blank, may, says Walworth, Ch., institute a suit thereon in a court of law, in the name of any one who is willing to allow his name to be used for that purpose; and, where the defendant has no legal or equitable defense to the bill

or note as against the real owner thereof, he cannot be permitted to show that the nominal plaintiff, in whose name the suit is so brought, is not the real party in interest,"— citing *Morton* v. *Rogers*, 14 Wend. 580, where it is further held that "the possession of a bill or note which is payable to bearer, or indorsed in blank, is *prima facie* evidence of ownership, and also that the holder received it upon a valuable consideration paid therefor in the usual course of trade or business. As a general rule, therefore, even where there is a failure of consideration or other equitable defense as between the defendant and the drawee or payee of the bill or note or his immediate indorser, he cannot call upon the plaintiff to prove when or upon what consideration the bill or note upon which the suit is brought was transferred to him, or how it came into his hands,"—citing Byles, Bills, 61.

In the light of these authorities, we must hold that the second assignment of error is not well taken, and as the above authorities show, as we think, that the suit was properly brought in the name of the Bank of Spencer, for the use and benefit of A. D. Ferrell, and as it clearly appears from the testimony that A. D. Ferrell was the *bona fide* owner of the note sued on, having purchased the same and paid for it on the day it was made, and that the bank to whom the note was payable never discounted the same, the said A. D. Ferrell had the right to institute suit in the name of said bank (which was the payee named therein), for his use and benefit, and to prosecute the same to judgment in his favor. And we find the law stated on this question (Wood, Byles, Bills, side p. 121) as follows: "If a man seek to enforce a simple contract, he must in pleading, aver that it was made on good consideration, and must substantiate that allegation by proof. But to this rule bills and notes are an exception. It is never necessary to aver consideration for any engagement on a bill or note, or to prove the existence of such consideration, unless a presumption against it be raised by the evidence of the adverse party, or unless it appear that injustice will be done to the defendant, or that the law will be violated if the plaintiff recover." None of these things, however, appear in this case, and we conclude, therefore, that the third and fourth assignments of error suggest nothing that

would entitle the plaintiff to a reversal of the judgment complained of.

For these reasons, the judgment must be affirmed, with costs and damages.

*Affirmed.*