[No. 2750.    Decided March 21, 1898.]

S. C. MUNSON, *Appellant,* v. EXCHANGE NATIONAL BANK, *Respondent.*

ANCILLARY ADMINISTRATION — NECESSITY FOR — ASSIGNMENT OF PROMISSORY NOTE — RIGHTS OF ASSIGNEE.

An assignee of an administrator appointed in one state may bring an action in another without administration being first had in the latter state.

Under the rule that the assignment of a chose in action passes the whole interest of the assignor therein, including every remedy and security available by the assignor as incident thereto, although not specially named in the instrument of assignment, the assignment of a promissory note by an administrator would pass to the assignee a right of action for damages, which had accrued during the lifetime of the decedent by reason of the negligence of a bank, to which the note had been delivered for collection, in failing to notify the indorsers of its non-payment at maturity.

Appeal from Superior Court, Spokane County.—Hon. WM. E. RICHARDSON, Judge.    Reversed.

*Samuel R. Stern,* for appellant.

*C. S. Voorhees (Jones & Voorhees,* of counsel), for respondent.

The opinion of the court was delivered by

SCOTT, C. J.—This action was brought to recover upon substantially the following state of facts.    One Rundel executed a note to one Ross, who thereafter indorsed it to one Harrington, and Harrington indorsed it to one Elizabeth Flint.    Prior to the maturity of the note said Flint sent it to the defendant for collection, and the defendant undertook to collect it according to the law and custom; but it is alleged that the defendant negligently failed to

notify the indorsers of said note of its non-payment at maturity, and failed to protest the same, by reason whereof the indorsers were released from liability. It is further alleged that Ross was solvent, but that Rundel and Harrington were insolvent. After the maturity of the note said Elizabeth Flint died at her place of residence, which was in Boston, Massachusetts, and it is alleged that one Angie Shepard was appointed administratrix of her estate by the probate court of Suffolk county in said state, and that she duly assigned and transferred the note to the plaintiff, together with all right, title and interest of the estate therein and all causes of action or rights whatsoever growing out of the same, and particularly the cause of action against the defendant for its failure to present the note as aforesaid. The defendant answered, but when the cause was called for trial a motion was made to dismiss it on the ground that the facts stated were not sufficient to base an action upon, the particular point being that an assignee of a foreign administratrix could not sue in this state without administration being first had here, and the motion was granted, whereupon the plaintiff appealed.

There is no question of a conflict of jurisdiction nor does it appear that the deceased had any property in this state, or owed any debts here, and we are of the opinion that under the decided weight of authority the court erred in dismissing the action. Our statutes permit an assignee to sue in his own name. It is practically conceded by the respondent that a direct action upon the note might have been maintained by the assignee, but that the same rule does not follow with reference to this action. Under the general rule, by an assignment of a chose in action the whole interest of the assignor therein passes with it, including every remedy and security available by the assignor as incident thereto, although not specially named in the instrument

of assignment. 2 Am. & Eng. Enc. Law (2d ed.), p. 1084. It is alleged here that this particular cause of action was expressly included in the assignment, but we think it would have passed with a general assignment of the note. The rule that an assignee of an administrator appointed in one state may bring an action in another is so generally settled and recognized that it is needless to cite many authorities. See *Petersen v. Chemical Bank*, 32 N. Y. 21 (88 Am. Dec. 298); 3 Williams, Executors, 476; *Campbell v. Brown*, 64 Iowa, 425 (52 Am. Rep. 446, 20 N. W. 745); *Mackay v. St. Mary's Church*, 15 R. I. 121 (2 Am. St. Rep. 881, 23 Atl. 108); *In re Waite*, 99 N. Y. 433 (2 N. E. 440); 1 Woerner, American Law of Administration, § 162.

Reversed and remanded for a new trial.

DUNBAR, ANDERS, GORDON and REAVIS, JJ., concur.