GENERAL CONFERENCE ASSOCIATION OF THE SEVENTH
DAY ADVENTISTS *v.* MICHIGAN SANITARIUM &
BENEVOLENT ASSOCIATION.

1. EXECUTORS AND ADMINISTRATORS—FOREIGN ADMINISTRATORS—
    ESTATES OF DECEDENTS—BILLS AND NOTES—ASSIGNMENTS—AU-
    THORITY TO SUE—ACTIONS.
       The holder in due course of notes payable to a deceased person
       indorsed by the executor or administrator, decedent being
       domiciled in a foreign country where the estate is being ad-
       ministered, may institute suit thereon against the maker, a
       corporation, having its principal place of business in Mich-
       igan.
2. WILLS—EVIDENCE—PROOF OF FOREIGN RECORDS—JUDGMENT.
       A copy of a will admitted to probate in a foreign State, with a
       copy of the order of the court admitting the instrument to
       probate, certified by the officer having the custody of the
       records, under the seal of the court, is entitled to be received
       in evidence under Act No. 191, Pub. Acts 1909, and 3 Comp.
       Laws, §§ 10144–10147.
3. SAME — EVIDENCE — PRIVATE INTERNATIONAL LAW.
       Sufficient proof of the right of the widow of a deceased person
       residing in the Province of Quebec, Canada, to assign notes
       payable to the decedent is offered by the introduction of tes-
       timony of a practicing attorney in Quebec that he is familiar
       with the administration of estates and the law governing
       the same in Quebec, that the statutes in force were certain
       sections of the civil code, offered in evidence, and that un-
       der the law of Canada where the widow became the universal
       legatee as provided by the will of deceased, and unless an-
       other executor was named she was entitled to act as such,
       had title to the property; and that she had authority as
       executor to indorse notes due to decedent.
4. SAME—AUTHENTICATION OF RECORDS.
       A certificate of the probate register that certain orders were
       entered by the probate court of a foreign State, without
       showing a copy of the order, is not a compliance with the
       statute.
5. SAME—PAROL EVIDENCE—BEST EVIDENCE RULE—RECORDS.
       Parol testimony is not admissible to prove the granting of
       letters of administration by a court, but the records only are
       competent.

6. SAME—EVIDENCE.

Where evidence objected to by defendant was admitted on the trial, but if it had been rejected no competent evidence remained showing any defense to the *prima facie* case that plaintiff's testimony presented, prejudicial error did not result from the reception of the evidence.

7. BILLS AND NOTES—DELIVERY—PARTIES PLAINTIFF.

Delivery to a holder in due course of a note being presumed under the negotiable instruments law (Act No. 265, Pub. Acts 1905), which authorizes the holder to sue in his own name, and provides that he shall be deemed *prima facie* a holder in due course, the indorsee who has received payments on the note from the maker may bring action in his own name.

Case-made from Calhoun; North, J. Submitted April 13, 1911. (Docket No. 133.) Decided July 5, 1911.

Assumpsit by the General Conference Association of the Seventh Day Adventists against the Michigan Sanitarium & Benevolent Association on certain promissory notes. A judgment for plaintiff is reviewed by defendant on case-made. Affirmed.

*Jesse Arthur*, for appellant.

*W. S. Powers*, for appellee.

BLAIR, J. This action is founded upon seven promissory notes, all executed by defendant at Battle Creek, Mich.; one payable direct to plaintiff; three payable to Mrs. A. D. Hutchins, and assigned to the plaintiff by T. H. Purdon, as the administrator of the estate of Mrs. A. D. Hutchins, deceased, purporting to have been appointed and qualified as such administrator by the probate court of Orleans district, State of Vermont, the residence of Mrs. Hutchins at the time of her death; and three others payable to Philip E. Ruiter and assigned to plaintiff by Lucy M. Ruiter, as administratrix with the will annexed of the estate of Philip E. Ruiter, deceased, purporting to have been appointed and qualified as such administratrix

by the superior court of the Province of Quebec, Canada, district of Bedford, the residence of said Philip E. Ruiter at the time of his death. Defendant pleaded the general issue.

No question is made to plaintiff's right to recover on the first of above-mentioned notes. In the case of the other six notes, three questions are presented for the consideration of the court:

*First.* As to the admissibility and sufficiency of the proof to establish the appointment and qualification of T. H. Purdon as administrator of the estate of Mrs. A. D. Hutchins, deceased, and the admissibility and sufficiency of the proof to establish the probate of the will of Philip E. Ruiter, deceased, and the appointment and qualification of Lucy M. Ruiter as administratrix with the will annexed of his estate thereunder.

*Second.* As to the right of plaintiff to maintain an action on said notes in this State under the said assignments from said T. H. Purdon and said Lucy M. Ruiter as said foreign administrator and said foreign administratrix, respectively.

*Third.* As to payments made by defendant of interest on both the Hutchins and Ruiter notes operating in the nature of an estoppel to prevent defendant questioning plaintiff's title to said notes.

In our opinion, the better rule, and the one supported by the preponderance of authority, sustains the right of plaintiff to maintain this suit, if the assignments were properly proved. *Knapp* v. *Lee,* 42 Mich. 41 (3 N. W. 244); *Schluter* v. *Savings Bank,* 117 N. Y. 125 (22 N. E. 572, 5 L. R. A. 541, 15 Am. St. Rep. 494); *McCully* v. *Cooper,* 114 Cal. 258 (46 Pac. 82, 35 L. R. A. 492, 55 Am. St. Rep. 66); *Wilkins* v. *Ellett,* 108 U. S. 256 (2 Sup. Ct. 641); *Owen* v. *Moody,* 29 Miss. 79; *Campbell* v. *Brown,* 64 Iowa, 425 (20 N. W. 745, 52 Am. Rep. 446); 7 Cyc. p. 786. This point was not determined in *Reynolds* v. *McMullen,* 55 Mich. 568 (22 N. W. 41, 54 Am. Rep. 386), upon which defendant relies to some extent. So far as the question is discussed in the majority opinion,

it supports the rule above stated. See page 575 of 55 Mich. (22 N. W. 41, 54 Am. Rep. 386).

Were the assignments properly proved?

The plaintiff offered in evidence a certified statement of the appointment of Thomas H. Purdon as administrator of the estate of Abbie D. Hutchins, which appointment was made by the probate judge of Orleans district, in the State of Vermont. The plaintiff also offered in evidence the deposition of Thomas H. Purdon, taken in the State of Vermont, in which he testified that he was a resident of Rutland, State of Vermont, and that he knew Mrs. A. D. Hutchins in her lifetime and her full name was Abbie D. Hutchins; that she died at Irasburg, Orleans county, Vt., April 26, 1902; and that he was appointed administrator of her estate by the probate court for the district of Orleans county, at Newport, in May, 1902; that the indorsement: "Pay to the order of the General Conference Association of the S. D. Adventists. T. H. Purdon, administrator of the estate of Mrs. A. D. Hutchins "—which appears upon each of the notes Nos. 260, 116, and 113 was in his handwriting, was made upon said notes, and they were delivered to the plaintiff by him the last of September, 1902, for the purpose of transferring the ownership of the notes to the plaintiff.

He further testified that he was the administrator of the estate of Mrs. A. D. Hutchins when said indorsements, transfer, and delivery of the notes were made; that the estate of Mrs. A. D. Hutchins had no ownership in these notes, and they belonged to the plaintiff.

The plaintiff read in evidence the deposition of Lucy M. Ruiter, in which she testified that she was the widow of P. E. Ruiter, whose full name was Philip E. Ruiter, and that she resided in the district of Bedford, Province of Quebec, and that her husband before his death made the following will:

"Sweetsburg, P. Q., Feb. 9, 1899.

"I give the farm and stock to Vina and Delmer. All the remainder, real and personal, mortgages, notes, etc.,

to my wife Lucy to do with as she thinks proper and right.

[Signed]      "PHILIP E. RUITER.
"Witnessed:    JOHN HAMMOND.
LORING MARSH."

That she was the person mentioned in said will as "my wife Lucy," and by said will she was created the universal legatee of Philip E. Ruiter, and thereby became vested with the administration of his estate, and that she acted as such administratrix in the settlement of her husband's estate.

She further testified that she indorsed notes Nos. 168, 140, and 157 on the 31st day of January, 1900, and on that date delivered them to the plaintiff. That the indorsements on each of the notes: "Pay the within note to the General Conference Association of the Seventh Day Adventists. Dated January 31st, 1900. Lucy M. Ruiter, administratrix with the will annexed of Philip E. Ruiter, deceased"—were all in her handwriting, made by her as heir at law and universal legatee of her deceased husband. That the estate had been fully settled and closed, and there were no unpaid debts against said estate at the time these notes were indorsed, transferred, and delivered by her to the plaintiff. That said notes were indorsed and delivered to the plaintiff by her for the purpose of transferring the title to each of said notes to the plaintiff, and that neither she, as universal legatee, nor the estate of her deceased husband, had any interest or ownership in said notes.

The plaintiff also offered in evidence a certified copy of the probate or proving of said will of Philip E. Ruiter in the superior court, district of Bedford, and Province of Quebec; and that said will was duly proved and established in said court on the 16th day of March, 1899.

The plaintiff further offered in evidence the deposition of W. H. Lynch, who testified that he was an advocate and resided in the village of Sweetsburg, district of Bedford, and Province of Quebec, and that he had practiced

his profession continuously since October, 1899; that he was familiar with and knew the law and practice of the courts of the Province of Quebec, Canada, in relation to the proof of wills, appointment of executors, and the settlement of estates under wills of deceased persons, and that the statutes in force governing this branch of the law are known as the " Civil Code " of Lower Canada, and are to be found in Article 905, on page 140, and Article 924, on pages 144 and 145, of said Civil Code. He further testified that in cases like the will of Philip E. Ruiter the courts of Lower Canada do not appoint an executor, as the universal legatee is by law seised of the ownership of the property from the moment of the death of the testator, and is entitled to act as executor if no executor is named in the will; that, under the law and practice and the decisions of the courts of Lower Canada, Lucy M. Ruiter was authorized to act as executor of her said deceased husband's will, and that, under the practice and decisions of the courts of Lower Canada, an executor has authority to indorse promissory notes belonging to the estate when said notes are payable to the order of the deceased person, and to transfer the title and ownership of said notes by such indorsement.

The plaintiff further offered in evidence the Civil Code of Lower Canada, printed by authority, containing Article 905, found on page 140, and Article 924, found on pages 144 and 145, of said Civil Code.

All of this testimony was admitted against the objection of defendant's counsel and exceptions taken thereto, upon the grounds that it was incompetent to prove the appointment or qualifications of an administrator or executor by parol (citing *Albright* v. *Cobb*, 30 Mich. 355), and that the certified copies of the probate records, etc., are inadmissible because not in conformity with sections 10144–10147, 3 Comp. Laws.

The proofs of the probate of the will of Philip E. Ruiter were sufficient to authorize its reception in evidence under

section 10145, 3 Comp. Laws, as amended by Act No. 191, Pub. Acts 1909.

The testimony of the Canadian advocate and the articles of the Code were sufficient proof of the authority of Mrs. Ruiter to act as executrix of her husband's will and of the fact that she became the absolute owner of the notes under the will, and could dispose of them as she saw fit.

The official proofs of the appointment of Thomas H. Purdon as administrator of the estate of Abbie D. Hutchins, deceased, do not comply with the statute. The probate register does not set forth a copy of the order of the court certified by him, but certifies to what the court did, "as appears by the records and files of said probate court."

Parol testimony is not admissible to prove the granting of letters of administration by a court, but the fact must be proved by the record. *Albright* v. *Cobb, supra.*

The Hutchins notes were indorsed to the plaintiff in 1902, and from that time defendant made payments of interest and principal direct to plaintiff, down to November 16, 1906.

If the testimony objected to by defendant had been stricken out, there would have been no evidence to impeach the plaintiff's right of action, and the indorsement on the notes to plaintiff and of the payments by defendant, with the testimony of one of defendant's officers that they had been made as indorsed, would have made a *prima facie* case for plaintiff, entitling him to recover. Act No. 265, Pub. Acts 1905, §§ 18, 53, 61.

We are, therefore, of the opinion that the receiving of the testimony did not prejudice defendant's rights, and the judgment is affirmed.

OSTRANDER, C. J., and BIRD, HOOKER, and STONE, JJ., concurred.