In the Matter of the Estate of GEORGE R. WHITE, Deceased.

Surrogate's Court, Kings County, April 17, 1930.

*Thomas J. Snee,* for the public administrator of Kings county.

*Putney, Twombly & Putney,* for Eugene F. Dumesnil, respondent.

WINGATE, S. The question here presented involves a somewhat novel application of a principle which is as old as property rights.

George R. White, the present intestate, died a resident of Kings

county on the 12th day of November, 1919, and on the tenth day of December of that year letters of administration upon his estate were duly issued to the public administrator of Kings county.

On December 28, 1925, a petition for probate of heirship was filed in this court which resulted in a decree, dated February 3, 1927, that the sole heirs and next of kin of George R. White, at the time of his death, were George B. Steers and William Steers, both residents of England; that said William Steers died subsequent to the death of George R. White, and that " Ella Eliza Steers was duly appointed Administratrix of the goods, chattels and credits of the said William Steers on April 9th, 1925, by T. C. White, Assistant Register of His Majesty's High Court of Justice, the Principal Probate Registry and she is now duly qualified and acting as such Administratrix."

The decree further recites: " That the said George B. Steers, individually, and Ellen Eliza Steers as the Administratrix of the Estate of the said William Steers, deceased, are jointly entitled to the possession of and title to the personal property and effects of the said George R. White, deceased, in the hands of the Public Administrator of Kings County, less the fees and expenses of such Public Administrator."

By instrument dated the 9th day of May, 1925, and duly acknowledged and proved before United States consular officers in England, Ellen Eliza Steers, as administratrix of the estate of William Steers, deceased, and George B. Steers, assigned, in usual form, all their interest in the estate of George R. White to Eugene F. Dumesnil, a resident of the State of New York, which assignment was duly filed and recorded in this court on September 20, 1929.

The assignee then petitioned the court to compel the public administrator to render and settle his account. The account has been filed and the present controversy centers upon the manner of distribution of the net sum thereby shown to be in the hands of the public administrator. The latter contends that one-half of the sum should be paid to the assignee and the balance to an ancillary administrator to be appointed in this jurisdiction upon the estate of William Steers, while the assignee claims the entire fund by reason of the assignment. The single point at issue is the validity in this jurisdiction of an assignment made by a foreign representative within the sovereignty of his appointment.

There can be no question either on theory or authority but that the contention of the assignee is correct.

The question seems to have been first authoritatively determined in *Peterson* v. *Chemical Bank* (32 N. Y. 21), where a Connecticut administrator assigned the rights of his estate in a New York bank account, and recovery by the assignee was allowed.

The principles governing this determination are ably stated by the chief justice, a few excerpts from whose opinion will be illuminating. We read (at p. *44): " But the principle of law which I think governs this case is, that the succession to the personal estate of a deceased person is governed by the law of the country of his domicil at the time of his death. This is so whether the succession is claimed under the law providing for intestacy, or for transmission by last will and testament. * * * It is not so held because the foreign legislature or the local institutions have any extra-territorial force, but from the comity of nations.''

(At p. 45): " Another general principle of law, necessary to be adverted to is, that the executor of a testator, as soon at least, as he has clothed himself with the commission of the Probate Court, is vested with the title to all the movable property and rights of action which the deceased possessed at the instant of his death. The title of the executor, it is true, is fiduciary and not beneficial. That title is, however, perfect against every person, except the creditors and legatees of the deceased. The devolution of ownership is direct to the representative, and the beneficiaries take no title in the specific property, which the law can recognize.

" Such a demand as that which is asserted against the defendant in this suit may be sold and conveyed so as to vest in the purchaser all the legal, as well as the equitable rights of the original creditor. * * * The title which is vested in the executor carries with it the *jus disponendi* which generally inheres in the ownership of property."

(At p. *46): " The validity of every transfer, alienation or disposition of personal property depends upon the law of the owner's domicile. (Story on Con. of Laws, § 383.) In the absence of proof to the contrary, we assume the law of Connecticut respecting the alienation of choses in action to be the same as our own."

This determination has been consistently approved and followed in this State. (*Middlebrook* v. *Merchants' Bank*, 3 Keyes [N. Y.], 135, 136; *Daby* v. *Ericsson*, 45 N. Y. 786, 789, 790; *Jefferson County Bank* v. *Townley*, 159 id. 490, 500; *Smith* v. *Tiffany*, 16 Hun, 552, 553; *Carpenter* v. *Butler*, 29 id. 251, 252; *Guy* v. *Craighead*, 6 App. Div. 463, 466; *Mc Nulta* v. *Huntington*, 62 id. 257, 258.) The same rule is followed in the Federal courts and in many other jurisdictions. (*Harper* v. *Butler*, 2 Pet. [U. S.] 239; *General Conference Assn.* v. *Michigan Sanatorium & Benev. Assn.*, 166 Mich. 504; *Andrews* v. *Carr*, 26 Miss. 577; *Owen* v. *Moody*, 29 id. 79; *Matter of Cape May & D. B. Nav. Co.*, 51 N. J. L. 78; *Riddick* v. *Moore*, 65 N. C. 382; *Willing* v. *Perot*, 5 Rawle [Pa.], 264; *Barrett* v. *Gillard*, 10 Tex. 69; *Munson* v. *Exchange Nat. Bank*, 19 Wash. 125.)

It is, therefore, determined that the assignment in question resulted in the vesting in the assignee of all distributive rights in the estate of George R. White and that the total net sum in the hands of the public administrator must be paid over to him.

Let a decree enter accordingly.