JOSEPH R. CURL *v.* HARRY INGRAM

(CC 614)

Submitted October 24, 1939. Decided December 16, 1939.

*Erskine, Palmer & Curl,* for plaintiff.
*E. L. Harrison* and *A. C. Schiffler,* for defendant.

MAXWELL, JUDGE:

The bottom question presented by this case is whether an assignee of notes, assigned to him for collection by a

foreign personal representative, may prosecute an action thereon in this state against the maker who resides herein.

The circuit court certified for review its rulings upholding the plaintiff's right to maintain suit.

The proceeding is by notice of motion for judgment under Code, 56-2-6. Inasmuch as the facts whereon the plaintiff seeks to ground his action are fully set forth in the notice, the defendant's challenge thereof on jurisdictional grounds should have been by demurrer and not by plea in abatement. *Stewart* v. *Tams,* 108 W. Va. 539, 151 S. E. 849. The statute, Code, 56-4-31, authorizing the raising of jurisdictional questions by plea in abatement applies only where the pleading which is objected to alleges proper matter for the jurisdiction of the court. The office of such plea is to bring to the court's attention matters which do not appear on the face of the pleading. Since, however, the trial court and both parties seem to have treated the subject as sufficiently presented by the plea in abatement, we shall deal with the matter as though it had been properly raised by demurrer to the notice.

Alexander H. Fay, resident of the State of New York, and by the authority of that state a duly qualified executor of the last will and testament of Esther Ingram, deceased, assigned to the plaintiff, for collection only, four separate promissory notes, herein sued upon, executed by Harry Ingram, now a resident of West Virginia, payable to the order of Esther Ingram. These notes, with accrued interest, aggregate about $31,600.00.

A foreign personal representative may not maintain a suit in this state. *Wirgman* v. *Life & Trust Co.,* 79 W. Va. 562, 566, 92 S. E. 415, L. R. A. 1918E, 1715. This is in conformity with the common law rule that letters of administration have no extra-territorial effect, and, consequently, that a foreign personal representative cannot prosecute a suit in another jurisdiction unless there be legislative authorization therefor. *Campbell* v. *Hughes,* 155 Ala. 591, 47 So. 45. No statute of this state has granted such right.

It has been held in many cases that where a note has been transferred, that is, full title passed, by assignment

by a personal representative in a foreign jurisdiction, the assignee, as owner of the note, may maintain suit in another jurisdiction, though the assignor could not have done so. *Campbell* v. *Brown,* 64 Iowa 425, 20 N. W. 745, 52 Am. Rep. 446; *General Conference Ass'n.* v. *Michigan S. & B. Ass'n.,* 166 Mich. 504, 132 N. W. 94; *Owen* v. *Moody,* 29 Miss. 79; *Riddick* v. *Moore,* 65 N. C. 382; *Mackay* v. *St. Mary's Church,* 15 R. I. 121, 23 Atl. 108, 2 Am. St. Rep. 881; *Barrett* v. *Gillard,* 10 Tex. 69; *Gove* v. *Gove,* 64 N. H. 503, 15 Atl. 121. The reasoning which underlies these decisions and many similar ones is that the title to promissory notes belonging to a deceased person's estate vests in his personal representative; that he has the power to deal with the same as the decedent might have done, and consequently may assign the notes so as to vest full ownership thereof in the assignee who may sue the maker in the jurisdiction wherein the latter resides. But such situation is to be distinguished from an assignment for collection only.

A note may be assigned for collection, but the rights which attend such assignment are strictly circumscribed. It has the effect of a restrictive indorsement, the status whereof is fixed by statute. Code, 46-3-7. Consult: *Vermont Evaporator Co.* v. *Taft,* 107 Vt. 400, 181 Atl. 100, wherein, grounded on ample authority, these propositions are laid down respecting indorsements for collection: "Such indorsements are restrictive in character, and merely constitute the indorsee an agent of the indorser to collect the debt * * *. They pass title to the paper only so far as to enable the indorsee to demand, receive, and sue for the debt in his own name * * *. The legal title remains all the time in the payee, and he may maintain suitable action to enforce the obligation." Though, generally, an assignee of a note for collection may sue on the instrument (*Bank of Spencer* v. *Simmons,* 43 W. Va. 79, 27 S. E. 299; 10 Corpus Juris Secundum, p. 1174; *Neal* v. *Gray,* 124 Ga. 510, 52 S. E. 622), he acts in so doing as the agent of the assignor.

Granting that an agent may do for his principal that which the principal could do, there is no warrant for the proposition that an agent may do something which his principal could not do. It follows, the assignee for collection of an instrument may sue in a given jurisdiction if the assignor could prosecute suit therein; otherwise not. Since a foreign personal representative may not maintain a suit in this state, such fiduciary's assignee for collection of a note may not in this jurisdiction sustain an action thereon.

On this basic proposition we cite with approval a clear and forceful opinion of the Commission of Appeals of Texas in *Thacker* v. *Lindahl,* 48 S. W. (2d) 588, 589 (approved and adopted by the Supreme Court of that state). There, the plaintiff sued in Texas the maker of notes which had been assigned to the plaintiff for collection by a Wisconsin executor of a holder in due course. Discussing the matter of a foreign executor's indorsement or assignment for collection, the Texas court said: "In that case, the transferee does not become the real owner of the note, but it still really belongs to the estate of the decedent, and the debt evidenced thereby remains an asset of the estate. Whatever right or power to sue that becomes invested in the transferee in such transaction depends on the power which the executor has in that respect, and is subject to the same limitations. In no event can the executor delegate a power to sue on the note, for the benefit of the estate, which the executor, himself, does not possess. Respecting a suit on the note, in this state, such a transferee rests under the same disability as does the executor."

Under Code, 46-3-8, a restrictive indorsement confers on the assignee the limited right (b) "To bring any action thereon that the indorser could bring." That is a restriction which may not be avoided.

For the reasons set forth above we are of opinion that the plaintiff may not maintain this action. If there had been a demurrer to the plaintiff's notice of motion for judgment, the demurrer should have been sustained; but

since the question was raised and considered under plea in abatement, the demurrer thereto should have been overruled. It appearing from the notice itself that the factual allegations of the plea in abatement are well taken, there is no occasion to remand the case for the taking of testimony under the plea, so we shall enter here an order dismissing the plaintiff's case out of court. This course renders it unnecessary for us to discuss the plea of statute of limitations interposed by the defendant and the replications thereunto by the plaintiff.

*Reversed and rendered.*