# CHARLESTON.

### RUSH, ADMR. v. BRANNON.

Submitted February 19, 1918. Decided March 12, 1918.

1. EXECUTORS AND ADMINISTRATORS—*Appointment of Administrator with Will Annexed—Suit—Collateral Attack.*

   Orders of a county court probating a will and appointing an administrator with the will annexed, for the estate of the testatrix, showing jurisdiction, can not be collaterally assailed; and in an action brought by such administrator in the interest of the estate attested copies of such orders prove conclusively his authority to maintain the action. (p. 61).

2. JUDGMENT—*Validity—Presumption.*

   Judgments and orders of courts of limited powers, entered in proceedings over which they have jurisdiction, are entitled to the same favorable presumption respecting their validity as the law applies to judgments of courts of general jurisdiction. (p. 61).

3. WILLS—*Execution—Proof by Execution of Codicil.*

   Proof of the due execution of a codicil reviving and republishing a will which had been revoked by the marriage of the testatrix subsequent to its execution, is proof of the due execution of the entire will. (p. 62).

Error to Circuit Court, Lewis County.

Assumpsit by M. J. Rush, administrator, etc., against William W. Brannon. Judgment for plaintiff, and defendant brings error.        *Affirmed.*

*Edward A. Brannon, Robt. L. Bland* and *Geo. S. Couch,* for plaintiff in error.

*Chas. P. Swint,* for defendant in error.

WILLIAMS, JUDGE:

This writ of error, awarded on petition of defendant to a judgment in an action of assumpsit, presents but two questions, viz.: First, whether an order of a county court of this state, probating a will and appointing an administrator c. t. a., can be collaterally attacked; and, second, whether proof of the due execution of a codicil, reviving and republishing a will which had been revoked. sufficiently proves the due execution of the will.

Before considering these questions, however, we are called upon to consider a preliminary motion, made at bar by counsel for defendant when the case was submitted, to strike from the brief of counsel for plaintiff certain improper matter therein, which defendant regards as an unwarranted reflection upon his integrity and reputation as an attorney at law. It is enough to say, that the matter complained of has no relation to the merits of the case and is not justified by anything appearing in the record, and the motion is, therefore, sustained. In the preparation of their briefs counsel should refrain from incorporating therein irrelevant matter, and especially so when it has no foundation in the record.

Plaintiff sued as the administrator c. t. a. of Mrs. Bettie A. Ward, deceased, and defendant, by a plea in abatement, timely filed and duly verified, denied that he was such administrator. The issue was submitted to the court in lieu of a jury, and the court decided it in favor of plaintiff. To sustain said issue on his part plaintiff introduced copies of orders of the county court of Kanawha county, attested by the clerk thereof, probating the codicil and will of his testatrix, appointing him administrator with the will annexed and showing his qualification, by giving bond with security and taking the oath required by law as such administrator. A motion by defendant to reject these papers as evidence was overruled, and he assigns this as error.

It appears that testatrix executed her will on January 30th, 1908, as Mrs. B. A. Waldo, in the presence of C. A. O'Hara and B. S. Stathers, who subscribed their names as attesting witnesses. To the will is added the following codicil:

"I, Bettie A. Ward, formerly Bettie A. Waldo, whose name as Mrs. B. A. Waldo, is signed to the above and foregoing will, dated January 30, 1908, at Weston, Lewis County, West Virginia, having intermarried with John Ward, since the making and publishing of said will, and being advised that under the laws of West Virginia, my said marriage revoked and annulled the said will, but desiring that said will be and remain in full force and effect in all respects as if said marriage had not occurred, I do now, by this paper, subjoined and attached to said will, confirm, ratify, re-establish and republish said will, as my true last will and testament, in all respects as if said marriage had not occurred except as to my name.

"Witness my hand, this 14th day of September, in the year, 1914.                    MRS. BETTIE A. WARD."

S. T. Tierney and Thomas Copley subscribed their names as attesting witnesses.

The orders probating the will and appointing plaintiff administrator are as follows:

"At a regular session of the County Court of Kanawha County, continued and held for said County, at the Court House thereof on Friday, May 5th, 1916.

"The matter of probate of the last will and testament of Bettie A. Ward, deceased, late a resident of Kanawha County, West Virginia, coming on this day to be further heard upon the deposition of S. T. Tierney, one of the subscribing witnesses to said will, which deposition has been duly taken, returned and filed with the Clerk of this Court, pursuant to the former order of this Court, entered on the 6th day of April, 1916, and it appearing from said deposition that the said Will of Bettie A. Ward, bearing date September 14th, 1914, in addition to the evidence of Thomas Copley the other subscribing witness to said will, heretofore examined in open Court, that said will was duly executed according to law, as a will of real and personal estate under the laws of

West Virginia, and that the same is the true last will and testament of the said Bettie A. Ward, it is thereupon ordered that the said paper writing be received, recorded and filed as the true last will and testament of said decedent.

"And on motion of Katherine Rush, it is ordered that C. A. Zerkle, G. F. McComas, J. H. Sutherland, Wallace White, S. L. Webb, be and they are hereby appointed appraisers of the estate of the said Bettie A. Ward, and they, or any three of them are directed to appraise the said estate according to law, and make due return thereof to this Court.

"On further motion of the said Katherine Rush, it is ordered that Michael J. Rush, be and he is hereby appointed administrator with the will annexed of the estate of the said Bettie A. Ward, who shall enter into bond in the penalty of $1500.00.

"Thereupon the said Michael J. Rush, together with Katherine Rush, his surety, executed bond as required herein, which bond is approved by the Court, and the said Michael J. Rush took the oath required by law as such administrator."

Jurisdiction of the court appears by the order. It recites that testatrix was "late a resident of Kanawha County." Sec. 22, Ch. 77, Code, confers jurisdiction on the county court of that county to probate the will. Testatrix did not name an executor, and Sec. 2, Ch. 85, Code, authorizes the county court having jurisdiction to probate her will to appoint an administrator with the will annexed. Having jurisdiction of the subject matter the court's judgment cannot be collaterally attacked. An order of probate is in the nature of a judgment in rem, and an ex parte probate is just as free from collateral attack as one made inter partes. It can be assailed only in the manner provided by law and cannot be questioned incidentally or collaterally. *Smith* v. *Henning,* 10 W. Va. 596; *Woofter* v. *Matz,* 71 W. Va. 63; and numerous cases cited in 13 Michie's Ency. Dig. Va. & W. Va. Cases, 767.

It is insisted that the county court, having a limited jurisdiction, its order should disclose that every act performed by it was strictly in accordance with law, and that the order of probate fails to show that the deposition of Tierney, one of the subscribing witnesses, was taken in the manner provided

by statute, or that it was necessary to take it. Sec. 27, Ch. 77, Code, authorizes the county court to order the taking of depositions of subscribing witnesses in probate proceedings, in certain contingencies. The order of probate does not state the reason for taking Tierney's deposition, but it does state that it was taken pursuant to a previous order of the court. The presumption therefore is that good cause existed rendering the taking of his deposition necessary; that it was taken by a proper officer and was duly authenticated; and that it, together with the testimony of Thomas Copley previously taken in open court, proved the competency of the testatrix and the due execution of her codicil. Presumptions in favor of the validity of a court's judgment are not limited to courts of general jurisdiction, but apply to courts of limited powers, when the judgment is entered in a cause or proceeding of which it has jurisdiction. *Shank* v. *Town of Ravenswood,* 43 W. Va. 242; and *Cecil* v. *Clark,* 44 W. Va. 659. It is not essential to the validity of the probate order that it should set out the testimony of the subscribing witnesses, or the facts proven by them; it will be presumed that the court admitted the will and codicil to record upon proper proof.

The subscribing witnesses to the original will were not called as witnesses, and it is insisted that proof of the due execution of the codicil does not prove the execution of the will. This contention is without merit. In her codicil testatrix refers to her will by date, recites the fact that since making it she had intermarried with John Ward thereby revoking her will, and expressly says her purpose in making the codicil is, to "confirm, ratify, re-establish and republish said will." More appropriate language to express clearly and certainly her intention to revive and republish her will, without making the slightest change, could hardly have been employed. The due execution of the codicil served to revive her will, which had been revoked by testatrix's subsequent marriage, (Secs. 6 and 8, Ch. 77, Code), as effectually and completely as if it had been rewritten, word for word, and re-executed instead of the codicil. The codicil is a part of the testamentary paper, *Gas Co.* v. *Shriver,* 75 W. Va. 401, and proof of its due execution establishes the due execution of

the entire will. After the will had been revoked, the question whether she had properly executed it originally became wholly immaterial. Because the formality of its original execution could have nothing to do with its revival, which required the same formality as the execution of a new will. The copy of the order of probate proves conclusively, in this case, that the codicil was so executed, and that proved the formal execution of the will as a whole. Page on Wills, Sec. 314; Gardner on Wills, 298; *Hatcher* v. *Hatcher*, 80 Va. 169; *Hobert* v. *Hobert*, 154 Ill. 610; *Jones* v. *Shewmaker*, 35 Ga. 151; and *Hawke* v. *Euyart*, 30 Neb. 149, 27 Am. St. Rep. 391.

The general issue was likewise submitted to the court in lieu of a jury, but the counsel in brief argue only the assignments relating to the trial of the issue on the plea in abatement. Finding no error, the judgment will be affirmed.

*Affirmed.*