# CHARLESTON.

ROSS J. WINNING, EXECUTOR, ETC.

v.

SILVER HILL OIL COMPANY *et al.*

Submitted September 7, 1921.   Decided September 20, 1921.

1. EXECUTORS AND ADMINISTRATORS—*Foreign Executor Cannot Proceed on Petition and Published Notice to Authorize Transfer of Property from Lawful Custody in this State to Another State.*

   An executor of the will of a person domiciled in a state other than this, at the time of his death, appointed by a court of such other state, in which the will was probated, but not shown to have been appointed in this state, seeking recovery of gas well rentals arising from a lease of an undivided interest of an infant devisee under the will, in a tract of land belonging to the estate of the testator, made on his behalf by his guardian duly authorized to execute it, from such guardian, and an adjudication of his right to future rentals under said lease, cannot proceed merely by petition and upon published notice, for such relief, under the provisions of secs. 3, 4 and 6 of ch. 84 of the Code, authorizing transfers of property and estates from custody in this state to proper custody in other states, by such procedure, nor any of them.   (p. 73).

2. SAME—*Foreign Executor May Sue for Transfer of Property from Personal Representatives But Not for Any Other Purpose.*

   Although a foreign executor is authorized by said sec. 6, to sue in equity for the transfer of property of his testator in the hands of a personal representative in this state, he is not thereby authorized to maintain a suit in this state for any other purpose.   (p. 75).

3. SAME—*Foreign Personal Representative Can Only Sue in this State When Empowered by Statute.*

   Unless empowered so to do by a statute, a foreign personal representative cannot sue in the courts of this state. (p. 76).

4. SAME—*Nonresident Suing in this State as Foreign Executor or Trustee Must Comply With Requirements of Our Practice.*

   Though a person acting in the dual capacity of executor and trustee of an estate may sue in the courts of this state, as

trustee, he must comply with the requirements of our practice in order to institute and maintain his suit.  (p. 76).

5.  SAME—*Executor Suing as Trustee to Recover Property Must Follow Statute as to Naming Necessary Parties Defendant.*

A paper filed by a foreign executor against a resident guardian of a non-resident infant, and a lessee, as a petition for transfer to the executor in his capacity as trustee of his testator's estate, of funds in the hands of the guardian, arising from gas well rentals, as aforesaid, and for adjudication of his right to rentals to accrue from the lease in the future, upon the theory of superior title in the executor and trustee, which, although praying relief against the guardian and lessee, does not in any way name either of them as a defendant, nor pray that either of them be made such, nor that either of them be required to answer it, cannot be treated as a sufficient bill in equity as to them.  (p. 76).

6.  SAME—*Bill Held Defective for Not Making Infant Party.*

To a bill having for its purpose, the relief above indicated, the infant is a necessary party, and, if the paper were otherwise sufficient as a bill, it would be defective for its failure to make him a party.  (p. 77).

7.  APPEARANCE—*Demurrer of Guardian and Lessee to Paper Regarded as a Bill Held Not a Waiver of Process.*

The appearance and demurrer of the guardian and lessee to such paper regarded as a bill, does not amount to a waiver of process, and, no process having issued upon it, there is a total lack of jurisdiction of the persons of the parties interested adversely to the petitioner.  (p. 77).

(LYNCH, JUDGE, absent.)

Certified from Circuit Court, Wetzel County.

Action by Ross J. Winning, as executor of the estate of Edward D. Winning, deceased, against the Silver Hill Oil Company and others.  Demurrer to petition by executor sustained, and cause certified.

*Affirmed.*

*A. C. Chapman,* for plaintiff.
*Thos. H. Cornett,* for defendants.

POFFENBARGER, JUDGE:

The decision certified for review in this cause involves an inquiry as to the right of an executor appointed in the State

of Ohio, under a will probated in that state, and who is not shown to have qualified as executor in this state, nor given any bond in the state in which he was appointed, to have awarded and transferred to him, certain property, rentals arising from an oil and gas lease, some of which have already accrued and been paid to the guardian of a non-resident infant, who is a devisee and legatee under the will, and, to obtain an adjudication of his right to future rentals. That inquiry has been raised and submitted by an order of the court below, sustaining a demurrer to the petition filed by the executor for such award or transfer and adjudication.

The will designated two persons for executors, a son of the testator and a friend, the latter of whom is dead. It also dispenses with the requirement of any bond.

Dated February 27, 1908, probated in Jefferson County, Ohio, May 15th, 1909, and recorded in the clerk's office of the County Court of Wetzel County, West Virginia, August 11, 1910, the will first provides for payment of the debts and expenses of the last sickness and burial of the testator. The second item reads as follows: "It is my wish that the residue of my estate after settling my indebtedness shall be held by my executors hereinafter named for the term of six years after my decease and that they shall have full authority to use revenues derived from the estate as their judgment may determine to be for the interest of their heirs; and if any effort is made by any one claiming to have an interest in the estate, to interfere with the provisions of this item or any other provision of this will, then such interest or interests shall be forfeited to the other heirs." Subject to this provision, the third item disposes of the testator's estate as the law would have disposed of it in the absence of a will. The fourth item charges one of the interests with the sum of $350.00 in favor of some of the other beneficiaries.

The application for the transfer of the sum in question was resisted and has thus far been defeated by James B. Clark, guardian for Gerald W. Townsend, an infant and resident of the State of Illinois, and the Silver Hill Oil Co., a corporation. Townsend was a minor at the date of the filing of the

petition, but he attained his majority before the decision in question was rendered.    The object of the petition was to require the guardian of Townsend to pay over to the petitioner a certain sum of money, which had come into his hands from gas well rentals on a tract of land in which Townsend owned an undivided eighth interest by virtue of the will, and to obtain an adjudication of the right of the petitioner to future rentals accruing on the lease.

The estate of Edward D. Winning, the testator, included a tract of land situated in Wetzel County and containing four hundred and fifty acres.    By an agreement made Oct. 10, 1918, all of the devisees of his will, except Gerald W. Townsend, joined in a lease of said tract of land to the Silver Hill Oil Co., for oil and gas purposes.    At about the same time, Townsend's guardian, appointed in Wetzel County, instituted and prosecuted to a final order, a summary proceeding to obtain authority to lease his undivided interest in the land to the same corporation, and, after having obtained such authority, he executed the lease and this action on his part was ratified and confirmed by the court.    This lease, as well as the one executed by Townsend's co-owners, provided for the usual one-eighth of the oil, as royalty, and an annual cash rental for each producing gas well, the first one $300.00 per year, payable in four equal installments, and the other $37.50, payable in like manner.    At the date of the filing of the petition now under consideration, there were three producing gas wells on the property and some rentals had been paid to the guardian, under the lease of Townsend's interests, effected as aforesaid.

The ostensible and avowed purpose of the petition, is effectuation of a transfer of funds, under the provisions of secs. 3, 4 and 6 of ch. 84 of the Code, is clearly not within any of those provisions, because it discloses a state of facts to which their terms are not applicable.    The 3rd and 4th sections contemplate the transfer of funds or property in the hands of a guardian or committee appointed in this state, belonging to a minor or insane person residing out of it, and funds of an infant, insane person or *cestui que trust* in-

vested, or required to be invested, under the direction of a
court of this state.    They also contemplate the filing of a
petition by a guardian, committee or trustee lawfully ap-
pointed and qualified in the state or country of the residence
of said infant, insane person or *cestui que trust*.  This peti-
tion was not filed by any person falling within these desig-
nations.    The petitioner is an executor of a will, appointed
in Jefferson County, Ohio, and the infant in question resides
in the State of Illinois.    These two provisions relate to trans-
fers of funds and property in definite, specific and limited
cases.    Under no rule of construction now recalled, can their
operation be extended to other cases.    Sec. 6 is broader and
more general in its terms, but it does not contemplate a trans-
fer of funds in the hands of a guardian appointed in this
state. It provides for transfer of personal estate in this state
vested in a trustee resident herein, or who acts by virtue of a
deed, will or other instrument, recorded or probated in this
state, and assets of a decedent, domiciled at the time of his
death in another state in the hands of an administrator or ex-
ecutor appointed in this state.  Clark, the guardian proceeded
against, is not a trustee within the meaning of said sec. 6,
because he is a guardian, actually and technically, and falls
within the express terms of secs. 3 and 4, and not a trustee,
nor a personal representative.    Being an executor and pos-
sibly a trustee, the petitioner falls within the terms of sec.
6, providing for transfer and delivery of estate or assets,
or any part thereof, to a non-resident trustee, administra-
tor or executor, appointed by some court of record, in an-
other state.    But, even here, he may not be within further
terms apparently requiring the trustee, administrator or exec-
utor to have been appointed by some court of record in the
state in which the beneficiaries reside.  If he is a trustee, under
the will probated in the state and county in which the testator
was domiciled at the time of his death, he may be within the
contemplation of the statute, upon the presumption that the
beneficiaries of the trust reside in that state, and it may not
be material that one of them resides in a third state, Illinois.
As to this, we decide nothing, however, since we are of the

opinion, that, for other reasons already indicated and yet to be elaborated, the case attempted to be made out in the petition is not within the provisions of sec. 6.

Manifestly, the attitude of the petitioner is hostile to the claims of the infant named in the petition and his guardian. He claims a title or right of possession, superior to theirs, by virtue of a provision of the will.     The petition does not present the usual case of a guardian or committee appointed in another state, coming into this state, with an admission of the title of the infant or insane person and a mere demand for a transfer of the custody of the ward's property from this state to proper custody in another state.     It asserts right in the executor, by virtue of the second item or clause of the will, to keep the estate of the testator intact and undivided, nothwithstanding the expiration of the six years period therein described, because all of the debts of the estate have not been paid and it is not in condition for distribution and has not been distributed or divided among the devisees.     At the same time, it discloses claims of superior right in the non-resident infant Gerald W. Townsend and his guardian.     It charges the fact that the funds in the hands of the latter belong to the estate, which he, acting as guardian of Townsend, refuses to deliver up to the petitioner.     No doubt this refusal is based upon the theory of lack of right in the petitioner to the possession and custody of the fund.     If Clark were a trustee or a personal representative of the same testator that the petitioner represents, the procedure adopted might be within the contemplation of said sec. 6; but the averments of the petition negative     the existence of any fiduciary or trust relation.     It is not predicated upon the theory of any such relation express or implied, between the petitioner and the guardian; nor is the petition that of a non-resident executor against an administrator or executor in this state, for Clark is neither an administrator nor an executor, nor did the funds come to his hands in that capacity. He has never been appointed as the administrator or executor of E. D. Winning, nor does he profess to act in that capacity. He was duly appointed guardian for Townsend, in which ca-

pacity and no other, he professes to act.    This status is admitted by the petitioner.

The suggestion in argument, that the petition may be treated as a bill, notwithstanding its form and designation, is wholly untenable, for several reasons.    Under the provisions of sec. 6, the party entitled to relief may proceed either by petition or by a bill in equity; but, in either case, he must seek either enforcement of a trust or a transfer of property from a resident personal representative to a non-resident personal representative.    Neither a bill in equity nor a petition is authorized by this section in any other kind of a case. Of course, under general equity jurisprudence, a bill may be filed in other cases, and it may be that a sufficient bill could be predicated upon the facts disclosed in the petition.    But a foreign executor cannot maintain a suit in this state, unless authorized so to do by this statute or some other.    *Oney* v. *Ferguson,* 41 W. Va. 568; *Andrews* v. *Avory et al.,* 14 Grat. 229, 239.    A statute, sec. 4 of ch. 85, Code, seems to imply that a non-resident, under the circumstances disclosed, may be appointed an executor in this state; but the petitioner is not shown to have been so appointed. If appointed, however, he would not sue under sec. 6 of ch. 84.    He would sue independently of that statute. But, if he is more than a foreign executor, if the will makes him also a trustee, he could sue without having been appointed as an executor in this state. Whether he is a trustee is a debatable question, upon which adverse parties are entitled to be heard.

A bill, however, must have parties and bring before the court, as parties, all persons who have any interest in the subject matter.    The petition does not name any person as a party to it, nor pray that any person be made such a party. If the prayer for relief against J. B. Clark as guardian, and the Silver Hill Oil Company, as lessee, could be regarded as a sufficient designation of them, as parties, it would still be insufficient for omission of the ward, Gerald W. Townsend, who is vitally interetsed in the subject matter.    He is the real claimant of the rentals in question arising out of the lease executed on his behalf.    Even though the paper contains a

prayer for specific relief against the guardian and the lessee and a prayer for general relief, it cannot be treated or regarded as a bill in equity to which they are made parties. The requisites of a good bill, as to parties, are very clearly and learnedly stated by Judge BRANNON in *Cook* v. *Dorsey,* 38 W. Va. 196. As defined by general equity practice unmodified by statute, they go far beyond the form and substance of this paper. It contains no prayer for process against any body, nor does it name any body as a defendant. Under the Virginia practice, it seems to have been necessary to name some person as defendant and require him to answer the bill. This paper makes no such demand upon the parties against whom relief is asked. Our statute, sec. 37, ch. 125, of the Code, prescribes a simple form of bill and dispenses with some of the requirements as defined in ancient practice. Under it, the parties may be named in the caption and the naming of a defendant therein suffices. The instrument need not contain any prayer that a person so named may be made a defendant and required to answer the bill. As to parties, a bill must follow the chancery practice in use before the enactment of this section, or the form prescribed by it. *Cook* v. *Dorsey,* cited. This paper does neither, wherefore it is insufficient to make anybody a party to it.

It is hardly necessary to observe further, that nobody can be a party to a bill, even though sufficiently named in it, without process thereon against him, unless it be waived by an appearance. There is no pretense of any process against the infant whose rights are assailed by the bill. By their appearance to it and demurrer, the guardian and lessee did not waive its insufficiency of designation of themselves as parties. *Cook* v. *Dorsey,* cited.

For the reasons stated, the demurrer was properly sustained and this conclusion will be certified to the court below.

*Affirmed.*