ALBERT C. JOSEPH, *Domiciliary Exec., etc. v.* THE NATIONAL BANK OF WEST VIRGINIA *etc.*

(CC 651)

Submitted May 19, 1942. Decided June 16, 1942.

*Wesley R. Tinker, Jr.,* for plaintiff in error.
*Jay T. McCamic,* for defendant in error.

LOVINS, JUDGE:

This action, a notice of motion for judgment, was instituted in the Circuit Court of Ohio County by Albert C. Joseph, who had qualified in the State of Ohio as executor of the last will and testament of Esther Toth, a resident of the State of Ohio at the time of her death. The defendant demurred to the notice, which demurrer the court sustained, and of its own motion and on joint application of the parties, the ruling was certified to this Court.

The plaintiff avers that the defendant bank is indebted to him in the sum of $3,537.64, including interest, by reason of a certain savings account therein owned by his decedent. It does not appear how the account is evidenced, whether by savings pass book or otherwise. The foregoing savings account is all the property belonging to the estate of the decedent located in the State of West Virginia, except a smaller amount on deposit in another bank, which has been paid to the plaintiff executor. The plain-

tiff made demand on the defendant bank that the savings account be transferred to him, filed written consent of the state tax commissioner for such transfer, as well as his affidavit to the effect that there are no creditors of the estate in this State, and offered to comply with the provisions of Code, 44-11-1 and 2. The plaintiff further alleged that a savings account within the meaning of the statutes just mentioned is a "security", and asked for judgment in the amount of the account and also that the court consider the notice of motion as an application for a declaratory judgment under the "Uniform Declaratory Judgments Act", Chapter 26, Acts, 1941.

The demurrer to the notice assigned ten grounds, which may be summarized as follows: (a) That the plaintiff, being an executor qualified in another state, can not maintain this action; (b) that ancillary administration is required in this State; and (c) that the savings account is not a security within the meaning of Code, 44-11-1 and 2. Defendant also filed its answer, by which it requested a declaratory judgment as to its rights.

On the issues thus raised the trial court ruled that the plaintiff could not maintain his action, under the holding of this Court in *Curl* v. *Ingram,* 121 W. Va. 763, 6 S. E. 2d 483, but that it had jurisdiction to construe the statutes invoked by the plaintiff (Code, 44-11-1 and 2) upon the request for declaratory judgment, made by both parties, and upon such construction further held that a savings account in a national bank is not a "security" within the meaning of Code, 44-11-1.

The ruling of the trial court that the plaintiff can not maintain its action is right, and requires little discussion. The letters testamentary granted to the plaintiff by a probate court in the State of Ohio have no extra territorial effect. *Curl* v. *Ingram, supra.* In the case of *Winning* v. *Oil Co.,* 89 W. Va. 70, 108 S. E. 593, it is pointed out that a suit may be maintained by a foreign executor by reason of the provisions of Code, 44-11-6. The defendant in relation to the savings account is not acting in the capacity of a trustee, administrator or executor, and there-

fore plaintiff's claim does not come within the exception created by that statute. Code, 44-11-1 and 2, deals with the transfer of securities to a foregn executor or administrator and not with his right to maintain a suit or action in the courts of this State, nor does that statute create an exception to the general rule. As stated, the plaintiff moved the court for an enforcible judgment and in the same pleading made application for a declaratory judgment under the provisions of Chapter 26, Acts, 1941. The parties and issues are identical in the motion and in the application, and in such an instance declaratory relief will not be granted, because the question has been raised in a pending action. *Updegraff* v. *Attorney General,* 298 Mich. 48, 298 N. W. 400, 135 A. L. R. 931. See also annotation, 135 A. L. R. 934, where the authorities are collated.

Although the "Uniform Declaratory Judgments Act" does not in express terms call for it, there must be an actual *bona fide* controversy between the parties to a declaratory judgment action. Declaratory Judgments, Borchard, Second Edition, page 29; Declaratory Judgments, Anderson, page 22. See annotations 68 A. L. R. 117 and 87 A. L. R. 1213. Such controversy exists herein since Joseph claims to be entitled to the money in the savings account under Code, 44-11-1 and 2, and the bank denies him that right. However, the incapacity of the plaintiff as a foreign executor to sue prevents its submission to a court of this State for judgment, declaratory or otherwise. The capacity of parties to sue and be sued is one of the requisites for granting declaratory relief. Declaratory Judgments, Borchard, Second Edition, page 26.

From what has been said it is obvious that the trial court in construing Code, 44-11-1 and 2, was acting without jurisdiction, and such construction was, therefore, ineffectual. Under the pleadings appearing in the record there was no jurisdiction vested in the trial court for any purpose.

Accordingly, we hold that the trial court had no jurisdiction of this action and should have dismissed the same, which we now do.

*Dismissed.*