STATE ex rel. HILLS, Relator, v. DISTRICT COURT OF SIXTEENTH JUDICIAL DIST. In and For FALLON COUNTY et al., Respondents.

No. 8663
Submitted April 17, 1946. Decided May 14, 1946.
169 Pac. (2d) 556

Mr. D. R. Young, of Baker, and Mr. George W. Farr, of Miles City, for appellant.

Mr. W. B. Leavitt, of Miles City, Mr. Al Hansen, of Baker, and Mr. D. L. O'Hern, of Miles City, for respondents.

MR. CHIEF JUSTICE LINDQUIST delivered the opinion of the Court.

Application for writ of supervisory control.

On January 11, 1944, Clara E. Mulkey and Marion D. Schmoyer entered into an agreement with respect to certain property of Clara E. Mulkey, which agreement reads in part as follows:

"And, whereas, in order that her [Clara S. Mulkey] desires may be carried into effect, she proposes that if the said Marion D. Schmoyer will look after and care for her and her ranch properties during her lifetime, and afterwards until his son Richard Dean Schmoyer attains his majority, and also to properly and adequately provide and care for said son during his minority, that upon her death the title to all her ranch properties, both real and personal, shall vest in the said Marion D. Schmoyer and his son, Richard Dean Schmoyer, as tenants

in common, subject to the stipulations, provisions and conditions as hereinafter provided. * * *

"2. That the said Clara E. Mulkey will * * * make and execute another and a new deed to said real property, and also a bill of sale to the personal property and an assignment of all brands and leases in which instruments the said Marion D. Schmoyer and his son Richard Dean Schmoyer shall be grantees or assignees, as tenants-in-common, and said deed, bill of sale and assignments shall be delivered to the escrow agent hereinafter provided for and named, to be held and disposed of by said agent pursuant to the terms, stipulations and provisions of this agreement.

"3. That the title to and control of all said ranch properties, both real and personal, shall at all times remain in the said Clara E. Mulkey, * * *.

"4. That all of the said properties, both real and personal, shall be liable for the payment of all the just, lawful and enforceable obligations and indebtedness of the said Clara E. Mulkey, * * *.

"17. If upon the death of Clara E. Mulkey the said Marion D. Schmoyer has fully complied with all the terms, stipulations and conditions of this agreement, then and in that event, the deed, bill of sale, assignments of brands and leases, and any other instrument in the possession of the escrow agent shall be delivered to the said Marion D. Schmoyer; provided, however, that before delivery of any said instruments are made to him the funeral and burial expenses of the said Clara E. Mulkey must have been fully paid or adequate assurance, guarantee or security must have been given that all the just, legal and enforceable obligations and indebtedness of the said Clara E. Mulkey must have been either paid or satisfied in full, or adequate assurance, guarantee or security must have been given for their payment; and the estate of Clara E. Mulkey, deceased, must have been discharged and released of any liability for or on account of any of her burial and funeral expenses, or of any of her just, legal and enforceable debts and obligations."

Clara E. Mulkey died testate on September 22, 1944, and on October 23, 1944, the District Court of Fallon county admitted decedent's will, dated November 27, 1942, and codicil thereto, dated June 25, 1944, to probate, appointing L. K. Hills executor who qualified as such and is the relator herein.

On December 2, 1944, Schmoyer filed with the District Court, in the matter of the Estate of Clara E. Mulkey, Deceased, a petition setting forth that by virtue of said agreement he had entered into the possession of the property covered thereby and that he had fully complied with the terms and conditions of said agreement, and praying that the Court determine the amount and form of assurance, guarantee and security to be given by Schmoyer to said estate, and that upon Schmoyer's complying with such determination, all of the papers executed and held in escrow be delivered to Schmoyer.

On December 20, 1944, the executor filed with the court an inventory and appraisement of the property of said estate including therein as a part of the assets of said estate the real and personal property mentioned in the Mulkey-Schmoyer agreement.

On December 31, 1945, the District Court acting in probate made an order, part of which is as follows: "It is hereby ordered and decreed that within thirty days from this order the said Marion D. Schmoyer shall execute and deliver to L. K. Hills, as executor of the estate of Clara E. Mulkey, deceased, a bond in the sum of $10,500.00 to be approved by the court and conditioned to the effect that the said Marion D. Schmoyer shall within thirty days after demand by the said executor for the payment thereof pay all unpaid and finally allowed claims, costs and expenses of administration against the said estate or for which the said estate is liable and which the court shall finally order and decree that the said Marion D. Schmoyer is required to pay under the terms and provisions of that certain contract between deceased and the said Marion D. Schmoyer and bearing date of the 11th day of January, 1944.

"It is further ordered that upon filing of the said bond

a copy thereof shall be delivered to the executor with notice of and date certain for the approval thereof by the court that all papers and written instruments held in escrow pursuant to the terms of said agreement shall be delivered to the said Marion D. Schmoyer by the escrow agent thereof.

"It is further ordered that L. K. Hills, as executor of the above estate shall within thirty days from the date that this order was made act on all unpaid claims and file a petition for the payment of all unpaid allowed claims and he shall also file in this court a petition to fix attorney fees and executor fees and have the same duly noticed for hearing.

"Done this 31 day of December, 1945, as and for the 12th day of December, 1945.

"S. D. McKinnon

"Judge

"Filed January 12, 1946."

On March 7, 1946, the relator filed with this court his application for writ of supervisory control, contending that said order of the District Court was made without jurisdiction, right, power or authority and that the executor was entitled to the control, custody and possession of the property mentioned in said agreement until all the obligations and indebtedness of said deceased and of said estate had been paid.

On March 7, 1946, this court issued its alternative writ of supervisory control, directed to the respondent District Court and the Honorable S. D. McKinnon, one of the judges thereof, to show cause why the order of December 31, 1945, should not be vacated and set aside, and further to show cause why said District Court should not retain jurisdiction and control over all the property and assets owned and possessed by the deceased Clara E. Mulkey at the time of her death which during the course of administration of her estate had not been disposed of and which are now in the possession and under the control of the relator herein as executor of said estate until all the obligations and indebtedness of said deceased and of said estate, including all costs and expenses of administration, ranch and

other operating expenses, and the compensation of the executor and the fees of his attorneys, have been paid.

On April 7, 1946, the respondent filed herein their return praying that the validity of the order complained of be considered and affirmed.

The record shows that there are a number of allowed claims against said estate remaining unpaid and also costs and expenses of administration to be determined and paid, and it further appears from the record that if the property covered in the Mulkey-Schmoyer agreement were withdrawn from the inventory and from the estate, the balance of the property then remaining in the inventory would be insufficient in value to pay the remaining debts and obligations of the estate.

One question in this proceeding is whether or not the real and personal properties mentioned in and covered by the Mulkey-Schmoyer agreement are assets of the estate of Clara E. Mulkey, deceased.

"The term 'assets,' in its largest sense, means property subject to the payment of the debts of the decedent, which under modern probate practice, includes both real and personal property, except homestead and other exemptions." 21 Am. Jur., sec. 181, p. 472. "The word 'assets,' is used to designate such property belonging to the estate of a deceased person as may rightfully be charged with the obligations which his executor or administrator is bound to discharge." 33 C. J. S., Executors and Administrators, sec. 95, p. 1051. "The term 'assets' as applied to decedents' estates has been defined as meaning 'property, real or personal, tangible or intangible, legal or equitable, which can be made available for or may be appropriated to the payment of debts.'" Bancroft's Probate Practice, Vol. 1, Par. 30, p. 56.

With respect to the property in question, the Mulkey-Schmoyer agreement provided *that all of the said properties, both real and personal, shall be liable for the payment of all the just, lawful and enforceable obligations and indebtedness of the said Clara E. Mulkey.* See paragraph 4, Agreement, supra.

Consequently the property in question being liable for the payment of the debts and obligations of decedent is an asset of the Mulkey estate, and the executor properly inventoried the property as an asset of the estate. ''The administration [of an estate] is an entirety, and extends to the whole of the estate so far as its assets are within the jurisdiction where the appointment is made, * * *.'' Murphy v. Nett, 51 Mont. 82, 86, 149 Pac. 713, 714, L. R. A. 1915E, 797.

Schmoyer, as a party to the agreement (not as an heir, devisee or legatee, sec. 10138, Rev. Codes), claims that under the terms of the Mulkey-Schmoyer agreement, he entered into possession of the real and personal property mentioned therein and that he has remained in possession of the property ever since, and claims that he has fulfilled his part of the conditions and terms of the agreement and that he is entitled to the possession and control of the property and the rents and profits thereof.

The executor claims that Schmoyer has failed to fulfill his part of the terms and conditions of the Mulkey-Schmoyer agreement and that, the property mentioned therein being property of the estate, the executor is entitled to the possession and control of the property and the rents and profits thereof.

In view of the foregoing disputed and unsettled claims this court is of the opinion that, at this period of the probate proceedings, the executor is entitled to the possession and control of the property in question and the rents and profits thereof; subject, however, to whatever rights or equities the District Court, in a proper proceeding, may find and determine that Schmoyer is entitled to under the terms and conditions of the Mulkey-Schmoyer agreement. ''The executor or administrator is entitled to the possession of all the real or personal estate of the decedent, and to receive the rents and profits of the real estate until the estate is settled, * * *.'' Section 10138, Revised Codes.

The petition of Schmoyer praying that the deed, bill of sale and assignments held in escrow and covering the property mentioned in the Mulkey-Schmoyer agreement be delivered to him

should have been denied, as Schmoyer's claims are disputed by the executor and remain to be determined in a proper proceeding (A probate court cannot determine question of title between an estate and persons claiming adversely. In re Dolenty's Estate, 53 Mont. 33, 161 Pac. 524.) and the agreement further provides that before delivery of any of said instruments is made to Schmoyer he must have fully complied with all the terms, stipulations and conditions of the agreement *and the estate of Clara E. Mulkey, deceased, must have been discharged and released of any liability for or on account of her burial and funeral expenses or any of her just, legal and enforceable debts and abligations.* See paragraph 17 of the Agreement, supra.

It is therefore ordered that the District Court vacate and set aside its order of December 31, 1945, and it is further ordered that the executor is entitled to the possession of the real and personal property mentioned in the Mulkey-Schmoyer agreement and the rents and profits thereof until such time and subject to whatever rights or equities as the District Court, in a proper proceeding, may find and determine that Schmoyer is entitled to under the terms and conditions of the agreement. It is further ordered that the District Court retain jurisdiction over the property mentioned in the Mulkey-Schmoyer agreement until all the obligations and indebtedness of said deceased and of said estate, including executor's compensation and attorneys' fees and all costs and expenses of administration, have been determined and paid.

Let a writ issue in accordance herewith.

Associate Justices Morris, Adair, and Cheadle, concur.

Mr. Justice Angstman (dissenting in part and concurring in part).

I do not agree that the court may not under any circumstances allow Marion D. Schmoyer to place a bond as "adequate assurance, guarantee or security" for the payment of claims against the estate and costs of administration as the agreement

between Schmoyer and Mrs. Mulkey provides and as the tendered bond undertakes to do.

The statute does not prohibit this but on the contrary expressly authorizes it in certain cases without an agreement. Section 10321, Revised Codes.

There is no reason why the agreement should not be carried out so far as it provides for placing a bond to answer for the payment of claims and expenses of administration so that the intention of testatrix may be fully realized and Schmoyer be thus the better enabled to carry out the agreement as desired by the testatrix. I think though that before this may be done there must be an adjudication in appropriate proceedings that Mr. Schmoyer has complied with the terms of his contract because if he has not then clearly he has no interest in the property.

I concur in the view that before the escrow papers may be surrendered to Marion D. Schmoyer he must show that he has complied with the terms of the agreement. Knapp v. Andrus, 56 Mont. 37, 180 Pac. 908. It seems to me too that Mr. Schmoyer should be permitted to retain possesion under the agreement until it is determined whether he has complied with its terms.

In this connection it is my opinion that unless Mrs. Mulkey in her lifetime took some steps under paragraph 12 of the contract to forfeit the rights of Schmoyer, there is at least a strong presumption that he had complied with the contract up to the time of her death. Paragrah 12 of the contract in substance gave her the right to declare a forfeiture in the event of noncompliance and the right to retake possession and to demand the return to her of the escrow papers.

Rehearing denied June 24, 1946.