IN THE MATTER OF THE APPOINTMENT OF J. O. PLYBON,
*Sheriff of Wayne County,*
*West Virginia as Administrator*
*of the Estate of Ewell Watts, Deceased*

(No. 13319)

Submitted October 9, 1973.    Decided December 21, 1973.

*Flesher & Flesher, William I. Flesher* for plaintiff in error Diane Ramey.

*Greene, Ketchum & Baker, James D. Nash, Jr.,* for defendants in error Maynard, and others.

SPROUSE, JUSTICE:

This case is before the Court on a writ of error and supersedeas to the final judgment of the Circuit Court of Wayne County, denying an appeal to Diane Ramey from an order of the County Court of Wayne County, and refusing to set aside the appointment of J. O. Plybon, Sheriff of Wayne County, as administrator of the estate of Ewell Watts.

The only question presented for decision is whether Ewell Watts had an estate in Wayne County which would authorize the grant of administration to the sheriff of that county.

Watts, at the time of his death, was a resident of Pickaway County, Ohio, and he died intestate in Wayne County, West Virginia on April 27, 1968. His death resulted from injuries received in an automobile collision in Wayne County between an automobile he was driving and an automobile driven by Bernice J. Maynard in which Carol J. Maynard was a passenger.

Diane Ramey is the daughter of the decedent and the appellant in this proceeding. She is the only heir at law and distributee of her father's estate. Mrs. Ramey was appointed administratrix of her father's estate on May 31, 1968, less than a week after his death.

On April 20, 1970, some two years after the fatal accident, the County Court of Wayne County, apparently at the instance of the Maynards, entered an appropriate order appointing J. O. Plybon, Sheriff of Wayne County, as the administrator of the estate of Ewell Watts.

Shortly thereafter, Mrs. Ramey appeared before the County Court of Wayne County, and by petition and motion, asked the county court to vacate its previous order appointing the sheriff as administrator. Her ground for relief was that the decedent was a nonresident who had no estate in Wayne County. The county court, by order entered June 22, 1970, denied her petition and

motion. The appellant, Mrs. Ramey, petitioned the Circuit Court of Wayne County for a writ of error which was refused by an order of that court entered on September 8, 1972. It is from this action of the Circuit Court of Wayne County that she prosecutes her writ of error in this Court.

There has been only a sparse record presented to this Court. It consists merely of the appellant's petition before the County Court of Wayne County, asking that the Wayne County Sheriff's appointment as administrator be set aside, and the order of the County Court of Wayne County denying that relief. The remainder of the sparse record is devoted to the legal documents necessary to perfect the appeal first to the Circuit Court of Wayne County and then to this Court. There was apparently no evidentiary hearing before the County Court of Wayne County.

Counsel for both the appellant and appellee admit in their briefs that the Maynards subsequently and success-fully instituted a personal injury and property damage action in Wayne County against the estate of the deceased by suing the sheriff as administrator of the estate. Counsel likewise admit that the deceased's automobile remained in Wayne County. Appellant's counsel contends, however, that the car was completely demolished, whereas counsel for appellee contends that the automobile was of sufficient value to bring it within the definition of an estate under prior decisions of this Court.

We are met at the outset with the appellee's contention that the appellant did not have standing to pursue her action attacking the sheriff's appointment before the County Court of Wayne County.

The general rule in most jurisdictions, including West Virginia, is that: "Unless empowered to do so by a statute, a foreign personal representative cannot sue in the courts of this state." *Winning v. Silver Hill Oil Company*, 89 W.Va. 70, pt. 3 syl., 108 S.E. 593. To the

same effect, see *Joseph v. The National Bank of West Virginia,* 124 W.Va. 500, 21 S.E.2d 141; 31 Am. Jur. 2d, *Executors and Administrators,* Section 774, page 312. The theory behind these holdings in *Winning* and *Joseph* is that the letters testamentary granted to a personal representative by a foreign state can have no extra-territorial effect.

There is, however, an essential difference between the case at bar and the factual situations involved in the *Winning* and *Joseph* rule. The appellant, Mrs. Ramey, is the sole heir and distributee of her father's estate. This was alleged continually before the County Court of Wayne County and in the appellate proceeding. There-fore, the holding in *Butcher v. Kunst,* 65 W.Va. 384, 64 S.E. 967, completely disposes of that contention. This Court held in the third point of the syllabus of *Butcher* that:

> "But though such non-resident distributee be disqualified by non-residence to act as administrator, nevertheless his interest as distributee entitles him to be heard, by protest, objection and advice in the appointment of a proper and competent person, with right of appeal to the circuit court, and writ of error to this Court, where there has been any abuse of the discretion of the court below in such appointment."

The appellant contends that the action of the county court in appointing the sheriff as public administrator of her father's estate was improper and unauthorized because her father was a nonresident and at the time of his death owned no property in Wayne County. West Virginia statutory provisions defining when a sheriff may be appointed administrator of a decedent's estate are:

Code, 1931, 44-1-4, provides as follows:

> "When a person dies intestate the jurisdiction to hear and determine the right of administration

of his estate shall be in the county court, or clerk thereof during the recess of the regular session of such court, which would have jurisdiction as to the probate of his will, if there were one. * * * "

Code, 1931, 41-5-4, provides as follows:

"The county court shall have jurisdiction of the probate of wills according to the following rules:

.    *    *    *

" (c) If there be no real estate devised thereby, and the testator had no such house or place of residence, then in the county wherein he died, or in any county wherein he had any property at the time of his death; * * * ."

Code, 1931, 44-1-11, provides as follows:

"If at any time two months elapse without there being an executor or administrator of the estate of a decedent * * * , the court or clerk before whom the will was admitted to probate, or having jurisdiction to grant administration, shall on motion of any person order the sheriff of the county to take into his possession the estate of such decedent and administer the same; * * * ."

34 C.J.S., *Executors and Administrators,* Section 1052, pages 1340-41, states:

"The existence of assets of decedent within the state is usually a prerequisite to the right of the public administrator to administer thereon, and under some statutes the public administrator is authorized to take charge of and administer on an estate only when property of the estate was in his county at the time of decedent's death."

To the effect that the grant of administration in a county is voidable where there was no residence of the decedent and no assets existing in that county, see *State ex rel. Linger v. The County Court of Upshur County,* 150 W.Va. 207, 144 S.E.2d 689; *Flanagan v. Mott,* 145 W.Va. 220, 114 S.E.2d 331.

The deceased in *Flanagan* was travelling in West Virginia. He was involved in a collision between his automobile and a bus and was killed. A passenger on the bus was injured in the accident but survived. The Sheriff of Mineral County was appointed administrator of the deceased's estate. The plaintiff thereafter brought personal injury actions against the estate by suing the sheriff. This Court held that, inasmuch as the decedent's automobile was in Mineral County, there was sufficient property comprising an estate upon which a grant of administration could be made. The recited facts of *Flanagan* do not reveal the value of the automobile.

The assets of the estate for the purposes of administration, of course, can be real, personal or equitable. 31 AM. JUR. 2d, *Executors and Administrators,* Section 193, page 108. See also *State ex rel. Hills v. District Court of Sixteenth Judicial Dist. in and for Fallon County,* 118 Mont. 622, 169 P.2d 556; *Sharp v. Cincinnati, N. O. & T. P. Ry. Co.,* 133 Tenn. 1, 179 S.W. 375. A number of courts have held in effect that the value of the estate to be administered is not an important factor in determining the validity of the grant of administration. *In re Estate of Denton,* 17 Cal. App. 3d 1072, 95 Cal. Rptr. 347; *Louisville & N. R. Co. v. Jones,* 215 Ky. 774, 286 S.W. 1071. Courts have gone so far as to hold as assets for this purpose a liability insurance policy which insured the decedent. *Furst v. Brady,* 375 Ill. 425, 31 N.E.2d 606; *Robinson v. Dana,* 87 N.H. 114, 174 A. 772; Annot., 133 A.L.R. 558; Annot., 94 A.L.R. 1437.

The appellee contends that the possible obligation of an estate to respond to a personal injury action by a resident of the State against the estate of a deceased nonresident should be sufficient assets to validate an appointment of the resident sheriff as administrator of the nonresident's estate. We are not prepared to go so far. In *Richards v. Riverside Iron Works,* 56 W.Va. 510, 49 S.E. 437, this Court considered the problem of the enforcement of a wrongful death claim in behalf of the

372

estate of a nonresident decedent. The Court upheld the validity of the appointment of a county sheriff as administrator of the estate of the nonresident decedent in order that the claim for wrongful death might be prosecuted for the benefit of the estate. This is the reverse of the case we now consider, *i.e.,* the sheriff in *Richards* was the administrator of the estate of a nonresident decedent suing a resident, whereas here, while the sheriff is likewise the administrator of a nonresident decedent's estate, the estate is being sued.

The West Virginia Legislature has since *Richards* amended the wrongful death statute, Chapter 55, Article 7, Section 6, Code, 1931, as amended, to permit a nonresident administrator to bring an action for wrongful death. The fact that West Virginia's nonresident motorist statute, Chapter 56, Article 3, Section 31, Code, 1931, as amended, has not been altered to provide for a consonant provision allowing a resident of the State to sue a foreign administrator for personal injuries sustained in an automobile collision would seem to indicate an area where the Legislature declines to act.

Chapter 44, Article 1, Section 11, Code, 1931, requires that the county court: " * * * on motion of any person order the sheriff of the county to take into his possession the estate of such decedent and administer the same; * * * . " It is, of course, necessary that there be an estate to administer before the county court enter such order. *State ex rel. Linger v. The County Court of Upshur County, supra; Flanagan v. Mott, supra.* The petitioner for that action, therefore, must have made a proper showing before the county court that there was such an estate available for administration. On April 20, 1970, the County Court of Wayne County entered an order appointing Sheriff Plybon administrator of the decedent Watts' estate.

It is not incumbent upon the sheriff to prove that the proceedings before the county court at the time of his appointment were proper. It will be presumed that the

court acted upon proper proof. *Rush v. Brannon,* 82 W.Va. 58, 95 S.E. 521.

The appellant makes a point that the record does not disclose an appraisal nor the value of the Watts' automobile remaining in Wayne County at the time the administration was granted. The record before this Court does not show that or any other facts relating to the administration of the estate. All that we have is the order of the county court overruling the appellant Ramey's motion to set aside the sheriff's appointment. The order of the county court states: "After argument of counsel and due deliberation the Court is of the opinion that the petition and motion should be denied and does hereby deny same."

Although there must be assets in the estate before administration can be granted, this Court has held an automobile to be sufficient assets to meet this requirement. *Flanagan v. Mott, supra.*

The appointment of an administrator of an estate under the provisions of Code, 1931, 44-1-11, is in the sound discretion of the county court, and it is incumbent upon the party asserting the invalidity of the order to show that the county court abused its discretion. In order to do that, it is their burden to show by appropriate proceeding the county court was wrong. *Rush v. Brannon, supra; Butcher v. Kunst, supra.*

In *Butcher,* the Court considered the action of the county court in appointing a resident administrator. The granting of administration by the county court was attacked for other reasons than those advanced in this case. The Court's holding concerning the action of the county court on the appointment of the administrator, however, is just as applicable to the action of the county court in the case at bar. The Court in *Butcher* said:

"An order of the county court appointing an administrator, whether distributee, creditor, or other person, will not be set aside on writ of error

to this Court, unless it plainly appears that there was abuse of the discretion of the county court in making such appointment." *Butcher v. Kunst, supra,* pt. 8 syl.

The Court concluded its opinion in *Butcher* with the following language:

" * * * The record of the judgment which we have before us shows no abuse of the discretionary power of the county court to make the appointment of the defendant in error. It is true that in the protest of Woofter and others against the appointment of Kunst, filed in the county court, it was charged, and sworn to, on information and belief, that Kunst, for certain reasons alleged was not a proper person to appoint; but this protest was not evidence, and the record fails to show that any proof of these charges was offered. Besides the court had other papers and documents before it. It may have heard evidence not in the record for all we know. * * * " *Butcher v. Kunst, supra* at 394, 64 S.E. at 971-72.

The appellant in this proceeding simply has not met the burden as required by *Rush* and *Butcher.*

For reasons stated in this opinion, the judgment of the Circuit Court of Wayne County is, therefore, affirmed.

*Affirmed.*