# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**November 10, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In re: Estate of Alex Kovarbasich**

**No. 15-1032** (Harrison County 15-P-46-1)

## MEMORANDUM DECISION

Petitioners Michael D. Michael, as administrator of the Estate of Jack D. Michael, and Judith A. Kuhn, as administratrix for the Estate of Paul F. Henderson ("petitioners"), by counsel Timothy C. Bailey, Scott S. Segal, Steven L. Shaffer, and Mark A. Barney, appeal the order of the Circuit Court of Harrison County, entered on September 21, 2015, that reversed two orders of the Harrison County Commission—one appointing the Sheriff of Harrison County as administrator of the Estate of Alex Kovarbasich, and one denying the petition to revoke the appointment of the sheriff—and ordered the Estate of Alex Kovarbasich closed. Respondent Consolidation Coal Company ("Respondent Consolidation Coal"), by counsel William E. Robinson, Joshua S. Rogers, and Jacob R. Shaffer, and Respondent Albert F. Marano, Sheriff of Kanawha County ("Respondent Sheriff"), by counsel Peter G. Zurbuch and Jeffrey S. Zurbuch, filed responses in support of the circuit court order. Amicus curiae Defense Trial Counsel of West Virginia, by counsel Mychal S. Schulz, Todd A. Mount, and Robert L. Hogan, and amicus curiae West Virginia Sheriffs' Association, by counsel John R. Teare, Jr., also have filed briefs in support of the circuit court order.

This Court has considered the parties' briefs, amicus briefs, and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Alex Kovarbasich died, testate, in 1992. His will was admitted to probate and his estate ("the estate") was administered by the executrix, Mr. Kovarbasich's widow Genevieve. Mrs. Kovarbasich advanced approximately $7000 to the estate to cover funeral and related expenses, and the estate distributed $1000 each to Mr. Kovarbasich's beneficiaries, his two daughters. The estate's final settlement report was filed in 1994.

In October of 2014, petitioners filed a petition representing to the Harrison County Commission "[t]hat more than two months have elapsed since the date of Alex Kovarbasich['s] death . . . [and t]hat no one has come forth to be appointed as [a]dministrator of the Alex Kovarbasich Estate[,]" prompting the commission to appoint the county sheriff as administrator pursuant to West Virginia Code § 44-1-11.[1] The estate was thus ostensibly reopened. Respondent

---

[1] West Virginia Code § 44-1-11 provides:

Consolidation Coal subsequently filed a petition, supported by affidavits, with the county commission asking that the commission revoke the appointment of the sheriff as administrator and close the estate. The county commission denied the petition for revocation on the grounds that respondent had no standing in the matter, and that petitioners had asserted fraud. Respondent appealed that denial to the circuit court, and beneficiaries of the estate filed a special appearance in support of respondent's position. Respondent Sheriff of Harrison County joined in respondent's appeal.

Well before his demise, Mr. Kovarbasich was the chief electrician at Consol. No. 9 Mine, the employer of seventy-eight miners killed by an explosion in 1968. Petitioners assert that Mr. Kovarbasich rendered an alarm system inoperable prior to the 1968 explosion, thus contributing to the disaster, and that this fact was not discovered—owing in part to Mr. Kovarbasich's failure to volunteer information about his role—until June of 2014. In November of 2014, the month following the filing of their petition with the county commission, petitioners filed an action in the Circuit Court of Marion County, naming Respondent Consolidation Coal Company and Mr. Kovarbasich's estate as co-defendants in a wrongful death suit related to the 1968 explosion. Respondent Consolidation Coal removed the action to the United States District Court for the Northern District of West Virginia on diversity grounds, alleging fraudulent joinder of the estate. Petitioners (as plaintiffs in that action) filed a motion to remand. The district court held that motion in abeyance pending the circuit court's decision on respondent's appeal concerning the reopening of the estate. The circuit court reversed the relevant orders of the county commission, effectively closing the estate, and this appeal followed.

On appeal, petitioner asserts three assignments of error: that the circuit court erred in finding that West Virginia Code § 44-1-11 prohibits the appointment of the sheriff "where fraud

---

If at any time two months elapse without there being an executor or administrator of the estate of a decedent (except during a contest about the decedent's will, or during the infancy or absence of the executor), the court or clerk before whom the will was admitted to probate, or having jurisdiction to grant administration, shall on motion of any person order the sheriff of the county to take into his or her possession the estate of such decedent and administer the same; whereupon such sheriff, without taking any other oath of office, or giving any other bond or security than he or she may have before taken or given, shall be the administrator or administrator de bonis non of the decedent, with his or her will annexed if there be a will, and shall be entitled to all the rights and bound to perform all the duties of the administrator. For his or her services as administrator of an estate, the sheriff shall receive from the estate a fee of five percent of the estate subject to administration, which fee shall be deposited to the treasury of the county. . . . The court or clerk may, however, at any time afterward revoke such order and allow any other person to qualify as the executor or administrator; and the court, or the clerk thereof, shall, at the expiration of the term of office of any sheriff, commit to his or her successor in office any and all estates which may appear, by the final report above required to be made by the sheriff at the end of his or her term, not to have been fully administered. . . .

permeates the probate process"; that the circuit court denied petitioners' constitutional rights "to a fair day in court"; and that the circuit court erred in finding that Respondent Consolidation Coal had standing to challenge the appointment of the sheriff. "'This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*.' Syllabus Point 4, *Burgess v. Porterfield*, 196 W.Va. 178, 469 S.E.2d 114 (1996)." Syl. Pt. 1, *State v. Spade*, 225 W.Va. 649, 695 S.E.2d 879 (2010).

We begin with petitioners' first assignment of error, wherein they argue that the delayed appointment of the sheriff to administer a long-closed estate would not be improper "where fraud permeates the probate process." Petitioners' argument in this regard is grounded in the assertion that "[t]he fraudulent conduct of Mr. Kovarbasich [in not disclosing his part in the disconnection of the alarm] is inextricably intertwined with the probate process." We disagree. When Mr. Kovarbasich's will was admitted to probate and the process was instituted, Mr. Kovarbasich was deceased. Fraud committed by the decedent during his lifetime—if, indeed, Mr. Kovarbasich played the part and concealed the facts that petitioners allege, and if his silence may be characterized as fraud—is wholly unrelated to the probate process initiated more than twenty years ago. Much less are those actions "intertwined." Because we find no allegation of fraud sufficient to resurrect well-settled probate matters, we will not consider the remote possibility suggested by petitioners that Mr. Kovarbasich, while living, had an insurance policy covering his actions, and that such a policy would now produce assets for the estate. We do not look behind the circuit court's well-reasoned point that the estate is without assets. Estate assets are "necessary prerequisite" to the appointment of the sheriff under West Virginia Code § 44-1-11, and the appointment by the county commission was therefore improper. *See* Syl. Pt. 2, *In re: Plybon*, 157 W.Va. 366, 201 S.E.2d 315 (1973).

We turn to petitioners' second assignment of error, in which they argue that a myriad of state constitutional violations deprived them of their right to "a fair day in court." In short, petitioners argue that the circuit court's re-closure of the estate denied them equal protection of the law[2], denied the "right to safety"[3] of the families of the miners killed in the 1968 explosion, and denied petitioners a certain remedy in the law[4]. We disagree. Petitioners have offered no evidence that the probate laws were not applied uniformly as to them and all other similarly-situated persons coming within the circumstances of those laws. Neither have petitioners offered evidence of a legislative enactment impairing their rights or evidence of state action endangering their well-being. The State's interest in meeting its citizenry's expectation of finality in the probate process is great, and petitioners have offered no justification for our disturbing that expectation.

With respect to petitioners' third assignment of error, we find that we need not consider whether Respondent Consolidation Coal had standing to petition the county commission in this

---

[2] *See* Article III, Section 10 of the West Virginia Constitution.

[3] *See* Article III, Section 1 of the West Virginia Constitution.

[4] *See* Article III, Section 17 of the West Virginia Constitution.

matter, inasmuch as Respondent Sheriff (over no objection apparent on the face of the appendix record on appeal) joined in the appeal of the county commission's denial of the petitions. We are guided by our prior "admonition that no action can be dismissed, if the basis for the dismissal is that the action was not prosecuted by the real party in interest, until a reasonable opportunity is provided to allow the proper real party in interest to maintain this action." *Richardson v. Kennedy*, 197 W.Va. 326, 332–33, 475 S.E.2d 418, 424–25 (1996). We explained in *Richardson*:

> When the ground for dismissal in a case is that the real party in interest did not institute the civil action, the trial court should stay the dismissal of the complaint and establish a reasonable period of time to allow someone to properly qualify as the real party in interest. Rule 17(a), West Virginia Rules of Civil Procedure.

Syl. Pt. 5, *Id.* at 327, 475 S.E.2d 418. Though this question is not before us in the context of a motion to dismiss, we find the precept instructive: justice requires that a case proceed on its merits when a real party in interest becomes a participant. Petitioners further argue, however, that Respondent Sheriff also lacks standing because he is obligated, without discretion, to perform the statutory duties prescribed in West Virginia Code § 44-1-1. Petitioners find themselves on shaky ground, however, because that section confers on the sheriff "all the rights . . . of the administrator." Under the unique circumstances of this case, where the appointment of the sheriff effected the reopening of the estate, we believe that the administrator is within his rights to challenge county commission's actions inasmuch as he is doing so in the interest of the estate. Respondent Sheriff therefore has standing.

       For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 10, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISQUALIFIED:**

Justice Robin Jean Davis

4